HALE vs. CITY OF KENOSHA and others.

*Constitutional rule of uniformity applies to all taxes.   Assessments distinguished.*

1. If property is taxable for any purpose, it must be held taxable for *all* purposes of general taxation, under the rule of uniformity prescribed by sec. 1, art. VIII. of the state constitution.

2. A provision in a city charter by which a tax to pay the bonded debt of the city (for railroad aid, etc.), is required to be assessed upon " all the lots and land in said city, *not including any improvements thereon*," is therefore invalid, unless it can be upheld as an exercise of the power of making *special assessments*, under sec. 3, art. XI. of the constitution.

3. Assessments, as distinguished from other kinds of taxation, are those special and local impositions upon property in the *immediate vicinity* of municipal improvements (such as grading and paving streets, improving harbors and navigable streams, within the municipality, and the like), which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived from it.

4. If a city, duly empowered, should construct a railroad within its own limits, for the sake of special benefits thereby conferred upon certain property in the immediate vicinity of the road, the expense of it might, perhaps, be assessed on such neighboring property.

5. But where a city has simply subscribed generally for the construction of a railroad extending beyond the city limits, and assesses taxes upon all the land in the city to pay the debt thus created, this is a *tax* as distinguished from an *assessment*, and the constitutional rule as to uniformity applies thereto. *Bond v. Kenosha*, 17 Wis., 284, distinguished.

APPEAL from the Circuit Court for *Kenosha* County.

This action is to enjoin the *City of Kenosha* and the defendants *Farr* and *Beckman*, who are respectively the mayor and clerk of said city, from levying and assessing a certain tax upon the lots of the plaintiff situated therein.

The complaint states that the lots of the plaintiff therein described are entirely unimproved; that by direction of the city council the city assessor made out and returned, with the annual assessment roll of the city for 1871, a special assessment of all the real estate in said city, excluding from the valuation thereof all improvements thereon; that the value of the plaintiff's lots was put down in said special assessment at $225, and the value of all the real estate in said city (excluding the value of the improvements thereon), at $211,197; that the value of the improvements on such real estate is at least $800,000, and the assessed value of all the taxable property in said city as returned in said annual assessment roll, is about $1,200,000; that the city council has, by resolution, directed that a special tax be levied upon all the lots and real estate aforesaid, exclusive of the improvements thereon, for the payment of certain judgments against the city, recovered upon a portion of its bonded debt, to the amount of $91,848.46; and that the defendants, the city officers, are about to levy the same pursuant to such resolution of the city council.

The answer of the defendants alleges that the tax mentioned in the complaint is a special tax in the nature of an assessment

and has been duly levied in accordance with sec. 3, ch. 6 of the revised charter of the city, (being ch. 133, P. and L. Laws of 1857, p. 296); that the bonds upon which the judgments mentioned in the complaint were obtained, were issued to the Kenosha and Beloit Railroad Company, in which company the city became a stockholder to the amount of $150,000, and was directly interested in such road; that the same was constructed about one-half of a mile within the corporate limits of the city, and extended from the harbor in said city, west, through the center of the city, affording a useful and convenient means of carrying produce and merchandize to and from the harbor; and that such special tax or assessment has been in all respects, duly and legally levied for the purposes stated in the answer.

The provision of the charter referred to in the answer is as follows: " The common council shall have power, annually or more frequently, to levy and collect a tax on all the lots and land in said city, not including any improvements thereon, to pay the bonded debt of the city or the interest thereon, and shall have power to issue new bonds, when necessary, to meet such indebtedness, for such time and at such rates of interest as they may deem expedient; but bonds shall be issued for no other purpose than to meet such indebtedness," etc.

The plaintiff demurred to the answer, assigning as ground therefor, that it does not state sufficient facts to constitute a defense to the cause of action stated in the complaint. The circuit court overruled such demurrer; and from the order overruling it, the plaintiff appealed.

*F. S. Lovell*, for appellant:

The levy sought to be enjoined is a tax, not an assessment, and it is in violation of the constitutional rule of uniformity of taxation. The restriction of the power of taxation and assessment in municipal corporations, required by sec. 3, art. XI, of the constitution, is to be exercised in the spirit of the constitution, which demands equality with reference to the object to be secured. The term *assessments* refers to a well understood

system of taxation for special municipal improvements, where taxes are apportioned on the basis of special benefits conferred on the property taxed. *Exchange Bank of Columbus v. Hines*, 3 Ohio St., 15; *Hill v. Higdon*, 5 id., 243; *Weeks v. Milwaukee*, 10 Wis., 242; *Whiting v. Sheboygan & F. du L. R. R. Co.* 25 id. 167. The tax cannot be sustained as an assessment. It is levied to pay certain judgments, and is not authorized by any law, general or special. The remedy prescribed by statute is an execution and proceedings under it, and, that failing, the only resort is to the ordinary method of taxation, as for the ordinary liabilities of the city. *Sherman ex rel. v. Milwaukee*, 20 Wis., 87; *Hasbrouck v. Milwaukee*, 25, id., 122.

*Head & Quarles*, for respondent.

The legislature had power to authorize taxation for the payment of the indebtedness of the city. *Town of Guilford v. Supervisors*, 3 Kern., 143; *Talbot v. Dent*, 9 B. Monroe, 535; *Slack v. M. & L. Railroad*, 13 id., 2. 2. This tax was levied under the power of assessment; which power is clearly recognized as distinct from the power of taxation, and is not within the purview of sec. 1, art. VIII. of the constitution. Cooley Cons. Lim. 495–497—505-6-7; *Weeks v. Milwaukee*, 10 Wis., 242; *Lumsden v. Cross*, id., 282; *Soens v. Racine*, id., 271; *Williams v. Detroit*, 2 Mich., 560; *Sharp v. Speir*, 4 Hill, 76; *Bleecker v. Ballou*, 3 Wend., 263; *Dorgan v. Boston*, 12 Allen, 237; *Bushnell v. Beloit*, 10 Wis., 195; *Watertown v. Cady*, 20 id., 501. 3. The legislature may create new taxing districts, according to the benefits to accrue. Blackwell on Tax Titles (3d ed.) 164; *Litchfield v. Vernon*, 41 N. Y., 133. The basis of apportionment is left entirely discretionary with the legislature. *People v. Mayor of Brooklyn*, 4 N. Y., 419; *Thomas v. Leland*, 24 Wend., 65; *People ex rel. v. Lawrence*, 41 N. Y., 140; *Providence Bank v. Billings*, 4 Pet., 514. It is as competent for the legislature to create a special taxing district, by drawing the line along the surface of the ground, and excluding improvements, as by fixing it between adjoining premises. 4. The

point raised in this case has been thoroughly considered and finally settled in *Bond v. Kenosha,* 17 Wis., 284; *Whiting v. Sheboygan & Fond du Lac R. R. Co.,* 25 Wis., 167.   The judgments on the city bonds still constitute a part of its bonded indebtedness, within the meaning of the charter. *Hasbrouck v. Milwaukee,* 25 Wis., 122.

LYON, J.   It appears by the answer that the tax was levied in strict accordance with the provisions of the city charter referred to therein, and, if that is a valid provision, the demurrer was properly overruled.   The precise question to be determined is, whether the statute which exempts all personal property, and all improvements upon real estate, in the city of Kenosha from taxation for the payment of the bonded debt of the city, while the same property remains taxable for all other purposes, is a valid and constitutional enactment.

I.   It is virtually conceded by the counsel for the defendants, that if the tax cannot be sustained as an *assessment* by virtue of sec. 3, art. XI. of our state constitution, it cannot be sustained at all; that if it is not an *assessment,* the basis upon which it is levied is a violation of the rule of uniformity in taxation, which is prescribed by sec. 1, art. VIII. of that instrument.

It is not necessary, therefore, to discuss at any considerable length the proposition that the tax in question cannot be sustained as a constitutional exercise of the general power of taxation, as distinguished from the power to impose special assessments.   Indeed, it is necessary to say but little more than to refer to the opinion of the Chief Justice in *Knowlton v. The Supervisors of Rock County,* 9 Wis., 410; which contains a full discussion of the proposition under consideration.   After conceding that the section of the constitution last above cited confers upon the legislature the power to exempt certain property from taxation, he says : " The very moment the legislature say that a specific article or kind of property shall be taxed, or shall contribute at all towards the expense of government, from

that very moment the first section takes effect, and it must be taxed by the uniform rule. The legislature can only 'prescribe,' and when they have done that, the first clause of the section governs the residue of the proceeding. There cannot be any medium ground between absolute exemption and uniform taxation."

We think that this is a sound construction of the constitutional provision; and it seems to go to the extent that, if property is taxable for one purpose, it must be held to be taxable for all purposes of general taxation, or the rule of uniformity would be violated. What would be said of an enactment to the effect that all personal property in the city of Kenosha should be exempt from taxation for city purposes, and taxable for state and county purposes; that all manufacturing establishments therein should be exempt from county taxes, and liable to all others; and that all homesteads therein should be exempt from state taxes, and liable to be taxed for all the other purposes of taxation? Of course no one will contend that such an enactment would not violate the constitutional rule of uniformity in taxation.

In this case, the legislature has attempted to divide the real estate of the city by a horizontal line drawn close to the surface of the earth (which probably may be done in a proper case), and, as to city taxes for a single purpose, it has attempted to exempt all above such line, and all taxable personal property in the city, from taxation, but at the same time holding such personal property and all of the real estate, whether above or below such line, taxable for all other purposes. Even though the question were a new one, but little argument would be necessary to demonstrate that the basis of taxation for the payment of the bonded debt of the city, which is provided for in the city charter, is not in accordance with any uniform rule, and cannot be sustained, unless the same is sustained as an assessment.

The true doctrine unquestionably is, that while the legislature may by law exempt certain specific property or classes of

property from taxation, such exemption, to be valid and opera-tive, must be absolute and total. The legislature has no power to exempt property from one tax, or from taxation for one pur-pose, and hold it liable to taxation for other purposes; and this for the reason already indicated, that it is impossible to do so without violating the rule of uniformity which the constitution requires the legislature to observe.

II. From what has been said, it is apparent that, in deter-mining whether the provision of the city charter under which the tax was levied is a valid enactment, the controlling question is, whether such tax is an *assessment* within the meaning of the constitutional provision above cited. If so, the rule of uni-formity is not applicable, and the validity of the assessment, and of the law pursuant to which it was made, can probably be sustained. But, if it is not an *assessment*, we have seen that the law is invalid, and the answer, which justifies the levying of the tax under it, contains no defense to the action.

In a general sense, taxes are burdens or charges imposed by the legislative power of a state upon persons or property for public uses (*Knowlton v. Supervisors of Rock County, supra*); while *assessments*, as distinguished from other kinds of taxation, are those special and local impositions upon property in the *im-mediate vicinity* of municipal improvements, such as grading and paving streets, improving harbors or navigable rivers within the limits of the municipality, and the like, which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived from the expenditure. *Weeks v. Milwaukee*, 10 Wis., 242; *Soens v, Racine*, id., 271; *Lumsden v. Cross*, id., 282; *Holton v. Milwaukee*, (unreported). Such assessments may be imposed upon a part of the property in a municipality, to the exclusion of the balance thereof; and this may lawfully be done without regard to the constitutional rule of uniformity, or the value of the property upon which the cost of the improvement is charged. The above distinction is clearly stated by Judge BRONSON, in

*Sharp v. Speir*, 4 Hill, 76; He says : " Our laws make a plain distinction between *taxes*, which are burdens or charges imposed upon persons or property to raise money for public purposes, and *assessments* for city and village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement." These observations of the learned judge are peculiarly applicable to our system of taxation and assessments.

If we keep in view this broad and well defined distinction, it will not be difficult to determine the question under consideration. The tax which the city of Kenosha has levied, or is about to levy, on the plaintiff's lots, is not imposed upon specific property in the *immediate vicinity* of the railroad, for the construction of which the indebtedness that such tax is designed to pay was incurred. Had the city undertaken to build the half mile of railroad within its corporate limits, because of some special benefits that the same would confer upon certain property in the immediate vicinity of the road, if the power to do so is conceded, it may be that the expense of the work might lawfully be imposed, as an assessment, upon the property thus benefited. But we have no such case here. It is a fair, if not an irresistible inference from the averments of the answer in that behalf, that the proceeds of the bonds, issued by the city to the railroad company, were applied to the construction of the whole line of railroad, but a small portion of which line was within the city. We are not aware of the existence of any adjudged case, or of any principle of law, which authorizes an assessment upon specific property to defray the expense of making an improvement outside the corporate limits of the municipality in which such property is situated. This consideration alone demonstrates that the tax in question is not an *assessment* within the meaning of sec. 3, art. XI of the constitution, but is a *tax*, as distinguished from an assessment within the meaning of sec. 1, art. VIII. of that instrument.

Hale vs. City of Kenosha and others.

Further discussion of the subject is quite unnecessary, and we close our observations upon this branch of the case with the single additional remark, that it is perfectly clear that the indebtedness which is the ground work of the tax in question, was not contracted with reference, primarily, to the benefits which the railroad would confer upon specific property or classes of property, but it was contracted because the citizens of Kenosha believed that the construction of the road would greatly promote the growth and general prosperity of the whole city.

III. We have not overlooked the case of *Bond v. The City of Kenosha,* 17 Wis., 284, upon which the learned counsel for the defendants seem to rely with much confidence. It was there held that a tax levied upon all of the taxable real estate in the city of Kenosha, exclusive of the improvements thereon, for the purpose of paying bonds which had been theretofore issued by the city for the construction of a harbor therein, was of the nature of an "assessment" or special tax imposed for the purposes of municipal and local improvements. The fact that such harbor was constructed entirely within the corporate limits of the city, distinguished that from the present case. The principles involved in the two cases are radically different, and it does not by any means necessarily follow that, because such harbor tax was an assessment, the tax in question here is of the same character. It is deemed proper, however, to say, that all of the members of the court have grave doubts whether there is any sound principle upon which the tax in *Bond v. Kenosha,* can be sustained as an assessment. That case, however, did not turn upon that question, and it was doubtless correctly decided upon other grounds which are not in this case.

It necessarily follows from these views, that the answer does not state facts sufficient to constitute a defense to the cause of action stated in the complaint. The order overruling the demurrer to the answer must be reversed, and the cause remanded with directions to the circuit court to sustain such demurrer.

*By the Court.*—So ordered.