STATE, NICHOLAS VREELAND ET AL., PROSECUTORS, v. MAYOR AND ALDERMEN OF JERSEY CITY.

1. The charter of Jersey City, section 81, provides that the board of public works shall fix a sum to be assessed annually upon all vacant lots and lots with buildings thereon in which water is not taken, if the same are situated upon any road, street, avenue, alley or court through or in which pipes for distributing water are laid, which prices and sums so fixed and assessed shall be denominated water rents. *Held*, that the levy of a sum against such lots cannot be supported as a special assessment, the imposition not being limited to special benefits to the lots.

2. Nor can it be supported as a general tax. If it·be considered as a selection of territory narrower than Jersey City, for the purposes of taxation, it is void. If it be considered a selection of property exceptionally benefited lying anywhere within the limits of Jersey City, it is in conflict with paragraph 12, section VII. of the constitution, providing that property shall be assessed for taxes under general laws and by uniform rules, according to its true value.

This writ brings up a water assessment upon vacant lots in Jersey City. The tax is assessed under section 81 of the charter of Jersey City. *Pamph. L.* 1871, *p.* 1131.

Argued at November Term, 1880, before Justices REED and PARKER.

For the prosecutors, *C. H. Hartshorne.*

For the defendants, *A. L. McDermott.*

The opinion of the court was delivered by

REED, J. The objection to this assessment is not aimed at any irregularity in its imposition or any failure to comply with the terms of the statute which authorizes its levy. The attack is made upon the statute itself. The contention is, that so far as the eighty-first section of the charter of Jersey City

provides for the taxation of vacant lots and lots with buildings thereon, in which water is not taken, it is in conflict with the constitution as a provision for taxation, and is invalid as a scheme for a special assessment.

This section, after providing that the board of public works shall regulate the distribution of water and fix prices which a person using such water shall pay, proceeds: "And the said board shall also, from time to time, fix a sum to be assessed annually upon all vacant lots and lots with buildings thereon, in which water is not taken, if the same are situated upon any road, street, avenue, alley or court, through or in which pipes for distributing the water are laid, which prices and sums so fixed and assessed shall be denominated water rents."

It seems plain that no liability rests upon the owners of these vacant lots to pay the water rent imposed, arising from contract. Where the water from the mains is used by a lot-owner such an obligation would result. His act of taking the water would raise an implied promise on his part to pay the price fixed for such taking.

But in the case before us, where the burden of this imposition is placed upon the lot-owners *in invitum*, no such implied assent to its payment can be deduced.

If the levy of this water tax upon these lots can be supported at all, it must be sustained upon the ground that it is an exercise of the power of the state to tax.

The exercise of that power must be either in the form of a special assessment or general tax.

The levy of the water rents cannot be supported as a special assessment, because there is no limitation provided in the section by which the imposition by the board is restrained to an amount representing the actual and positive benefit to the lots.

Under the ruling in a great number of well-known cases in this state, upon this point, it needs no argument to support the assertion that as a special assessment the water tax has no validity. Nor was it intended as a special assessment.

It was designed as a general tax imposed annually for the

purposes of affording revenue to Jersey City to pay the principal and interest on a debt of the whole city due on certificates of indebtedness called Jersey City water scrip ; a tax not made on the basis of the amount of peculiar benefits, but of location and surface area. *State* v. *Jersey City*, 12 *Vroom* 471–476.

The remaining question is whether the levy can be supported as a general tax. The plan provided by the charter was first to secure an amount from those who actually used water, then to levy a rate upon a certain part of the territory of Jersey City supposed to be exceptionally benefited by the presence of water in its vicinity, to be used, if desired, whenever the land was built upon.

If this scheme contemplates, as I think it does, the selection of a taxing district territorially smaller than Jersey City, the plan is in direct conflict with the doctrine announced in *State, Baldwin, pros.,* v. *Fuller,* 10 *Vroom* 576 ; *S. C.,* 11 *Vroom* 615. In that case it appeared that by authority of an act of the legislature a township committee established a lamp district and assessed one-half the costs and expense of a road upon the taxable property of such lamp district and the other half upon lands in said district fronting on said road.

The assessments made in both forms were vacated, upon the ground that the legislature had no right to impose them upon any territory narrower in bounds than the political district of which it was a part, without having regard to special benefits.

If, then, there is no power to assess a general tax upon land fronting upon a lighted street, for the cost of its illumination, it would seem clear that a tax upon the land fronting upon a road or street for the cost of water pipes and their supplying reservoir, is equally illegal. Upon this ground the tax, in my judgment, is null.

Again, if it could be successfully contended (which is not conceded) that the section of the charter now in question does not erect a taxing district less than the political district of Jersey City, but only selects a particular kind of property, which may lie in any part of that district, as the subject of

taxation, yet upon another ground the assessment is illegal. Its levy would conflict with paragraph 12, section VII. of the amended constitution, which provides that " property shall be assessed for taxes under general laws and by uniform rules, according to its true value." The present water rent is a tax for revenue for the purpose of supporting, it is true, a particular work under the care of one of the departments of the government of Jersey City. It is a work of public utility, for upon that ground alone can the imposition of a general tax be supported.

It stands upon the same plane with any other tax imposed for municipal purposes. It stands upon a plane with taxes levied for state, county or township purposes, so far as these are affected by the operation of the constitutional rule. All imposts for county and township purposes are state taxes and can be imposed by no other authority. *Camden and Amboy R. R. Co.* v. *Comm'rs*, 3 *Harr.* 71; *Camden and Burl. R. R. Co., pros.,* v. *Cook, Coll'r*, 3 *Vroom* 338.

All general taxes, therefore, imposed upon property have one origin—the exercise of the sovereignty inherent in the state—and are in the method of their assessment subjected to the constitutional requirement of uniformity. This, then, would seem to result, that the uniform rules of the constitution mean rules which fix a common standard for the assessment of taxes for the state and all its political subdivisions. *Zanesville* v. *Richards*, 5 *Ohio* (*N. S.*) 589; *Knowlton* v. *Sup'rs of Rock Co.,* 9 *Wis.* 410; *Hale* v. *Kenosha*, 29 *Wis.* 599.

But one rule is established, and that is found in the general tax act in existence at the time of the adoption of this amendment.

The present assessment under the eighty-first section of the charter in question, fails to conform to the general act in two features. *First.* Certain property assessable under the general act is by this section exempted, and thus arises a want of uniformity. *Second.* Under the general act and in accordance with the constitutional provision, property is assessed at its true value. In the present assessment, property is assessed

not according to its value, but by a standard of measurements merely.

In no view can the assessment be sustained, and it must be vacated, with costs.