YATES and another, Respondents, vs. CITY OF MILWAUKEE and others, imp., Appellants.

*January 30 — February 18, 1896.*

*Taxation: Exemption: Special assessments: Statutes construed: Constitutional law: Impairing obligation of contract: Equity: Restraining execution of tax deed: Tender of amount due.*

1. A statutory exemption of certain land from "taxation" does not exempt it from special taxes or assessments for local improvements. So *held,* in respect to ch. 450, Laws of 1889, which provides that certain land "shall be exempt from taxation so long as the same shall be leased, used, and occupied by the Wisconsin State Agricultural Society for the purpose of holding the annual state fair."

2. A subsequent amendatory act (ch. 82, Laws of 1891), which became operative March 31, 1891, providing that such land should be "exempt from taxation *and from any and all special taxes and assessments for the year 1891,* so long as the same shall be leased," etc., was not intended to have a retrospective operation and did not apply to an assessment upon the tax roll for 1891, where such assessment had been ordered and the improvement contracted for and completed during the previous year, and the usual certificate to the contractor had been issued in January, 1891.

3. The contractor in such case had acquired a vested right to enforce the payment of the assessment against the land, and the act of 1891 could not deprive him of that right.

4. The proper construction of the acts in question depends on the fair meaning of the language used, and not upon the fact that the legislature in previous years had bestowed many favors upon the State Agricultural Society, nor upon its financial necessities or other similar considerations.

5. A special assessment is a tax, within the meaning of the laws providing for the sale and conveyance of lands for the nonpayment of taxes.

6. The execution of a tax deed upon a certificate of sale embracing several assessments, one of which is valid, will not be restrained without a tender of the amount due for such valid assessment.

APPEALS from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This was an action to set aside certain assessments against the premises owned by one of the plaintiffs, *Marion J. Yates,* the wife of the plaintiff *Theodore Yates,* particularly known and described as the " Cold Spring Driving Park," containing about sixty acres of land, and to set aside the sale of the said premises for the amount of said assessment, and to restrain the execution of a tax deed thereof by reason of such sale. It appears from the pleadings and motion papers, that by sec. 1, ch. 450, Laws of 1889, the corporate limits of the city of *Milwaukee* were enlarged and extended so as to include certain territory of which the premises in question were a part, and the same was added to the Fifteenth ward of the city; and the act declares that said territory shall " be subject to the laws, regulations and ordinances governing the said ward and said city. Provided, that portion of the property . . . known as ' Cold Spring Driving Park ' be *exempt from taxation* so long as the same shall be leased, used and occupied by the Wisconsin State Agricultural Society for the purpose of holding the annual state fair;" that the plaintiff *Marion J. Yates* leased the said driving park, May 1, 1886, to B. B. Hopkins and others, for the term of one year from that date, and, at their option, after the expiration of said year, for five years thereafter, ending May 1, 1892;

and said lessees sublet the same, April 1, 1887, to the Wisconsin State Agricultural Society, until May 1, 1892, "subject to all the obligations and conditions imposed upon said original lessees by their written lease,"— one of which was to pay or cause to be paid all taxes and assessments which should be assessed against the demised premises during the existence of the lease, and to save harmless the said lessor and her assigns against any liability from cost or damage by reason of such taxes and assessments; and the said agricultural society covenanted in the sublease, to wit, to pay all taxes, general or special, which should be lawfully assessed upon or against said premises during its term; and agreed to promptly pay the same to the proper officers during each year at the time the same may become payable by law.

While said premises were in the occupancy of the said agricultural society under said lease, they became a part of the west sewerage district of the city; and an assessment was duly made March 17, 1890, against said premises for a thirty-inch sewer along same, in Chestnut street from Washington avenue to Thirty-third street, and in Thirty-third street from Chestnut street to a point twelve and one-half feet south of Highland Boulevard, amounting to $1,582.32. The board of public works, under a resolution of the common council, advertised and received bids for the construction of the sewer, and entered into a contract therefor with one Brand, the successful bidder, July 15, 1890, and the work was completed December 12, 1890. Upon the completion of said sewer, the usual certificate was duly issued, January 8, 1891, payable to the said Brand. The said assessment having been carried into the annual tax roll for 1891, and having been returned as unpaid and delinquent, February 3, 1892, the city treasurer sold the said lands for the amount due on the said assessment to the city of *Milwaukee*, and certificate of sale No. 1,411 was thereupon duly issued to the said city, which was assigned, February 15, 1892,

to the defendants John Q. Burnham and Charles T. Burnham, and was afterwards assigned by them to the defendant *Sidney B. Knox*, who claimed to be entitled to the tax deed. There was included in said certificate of sale the amount of two small assessments on the premises in 1891, for sprinkling streets,— one for $28.10 and the other for $27.07,— which had been returned as delinquent and unpaid; and the premises were sold for the amount of the sewer assessment, with these amounts added, and fees of sale, amounting to $1,637.74.

By ch. 82, Laws of 1891, the proviso of ch. 450, Laws of 1889, exempting said lands from taxation, was so amended as to exempt same from "taxation and from any and all special taxes and assessments for the year 1891," so long as the same shall be leased, used, or occupied during said year by the Wisconsin State Agricultural Society. This act took effect March 31, 1891.

The defendants the city of *Milwaukee*, *C. W. Milbrath*, treasurer, and *Sidney B. Knox* moved, upon these facts, to vacate the injunctional order theretofore granted restraining the issuing of a tax deed on said premises upon said certificate, and from transferring or assigning said certificate, until further order of the court. After hearing, said motion was denied, and the injunctional order was continued until further order of the court, from which order the defendants above named separately appealed.

For the appellant *Knox* there was a brief by *Frank M. Hoyt*, and oral argument by *L. M. Ogden*. To the point that exemption from taxation does not include exemption from assessments for local improvements, they cited 25 Am. & Eng. Ency. of Law, 160, and cases cited in note 2; *Lima v. Lima C. Asso.* 5 Am. & Eng. Corp. Cas. 547 and note; *Orange & A. R. Co. v. Alexandria,* 17 Gratt. 176; Beach, Pub. Corp. § 1172; Suth. Stat. Const. § 364 and cases; Endlich, Interp. Stat. § 356; *Winona & St. P. R. Co. v. Water-*

*town*, 1 S. Dak. 46; *Sioux City v. Ind. Sch. Dist.* 55 Iowa, 150.

For the respondents there was a brief by *Elliott, Hickox & Groth*, and oral argument by *E. S. Elliott* and *F. C. Winkler*. They contended, *inter alia*, that the word taxation as used in ch. 450, Laws of 1889, should be construed in its general and unrestricted sense. Such contention is supported: (1) By the general principles of statutory construction. (2) By the decisions of this and other appellate courts upon similar points. *Brightman v. Kirner*, 22 Wis. 54; *Gray v. La Fayette Co.* 65 id. 567; *Harvard College v. Boston*, 104 Mass. 470. (3) By the acts of the legislature relating to the Agricultural Society, prior and subsequent to the act in question, showing that such society has always been the favored ward of the state, privileged at all times to come before the legislature for relief, and that hardly a session has elapsed since its organization that some donation has not been made for its benefit out of the state treasury. (4) By the known conditions existing at the time of the enactment, and which the legislature must be presumed to have known. (5) By other acts of the legislature relating to the same subject matter. *Milwaukee Co. v. Ehlers*, 45 Wis. 295. See ch. 285, Laws of 1889; ch. 424, Laws of 1891; ch. 162, Laws of 1882. In the charters of nine cities the legislature of 1889 deemed it necessary to provide that real estate exempt from taxation should be subject to taxation for sidewalks and improvements of streets. Chapters 197, 216, 26, 171, 28, 332, 107, 152, 27, Laws of 1889. If it had intended the word taxation to be used in a restricted sense in ch. 450, it would have said so as plainly as it did in the instances cited.

PINNEY, J. In the case of *Hale v. Kenosha*, 29 Wis. 605, in considering the distinction between taxes and assessments, it was said that "*assessments*, as distinguished from other kinds of taxation, are those special and local impositions

upon property in the immediate vicinity of municipal improvements, such as grading and paving streets, improving harbors or navigable rivers within the limits of the municipality, and the like, which are necessary to pay for the improvements, and are laid with reference to the special benefit which the property is supposed to have derived from the expenditure;" and the language of BRONSON, J., in *Sharp v. Speir*, 4 Hill, 76, that "our laws make a plain distinction between *taxes*, which are burdens or charges imposed upon persons or property to raise money for public purposes, and *assessments* for city or village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person assessed has derived from the improvement," after citing the previous cases in this state on the subject, was declared to be "peculiarly applicable to our system of taxation and assessment." As such assessments are laid with reference to the special benefit which the owner of the property is supposed to have derived from the improvement, it is manifestly just that, to the extent which his property has been benefited, it should be charged with the cost of the improvement, and it would be inequitable to exempt it from such an assessment. No presumption, therefore, of an intention to exempt such property from assessment can arise from the use of language which does not clearly show that the legislature intended such exemption and to charge the special benefit thus derived by a private owner upon the funds raised by general taxation. While assessments are said, in strictness, to be made under the taxing power, they are "so far separated and distinguished from general taxation as to have obtained a distinct name, and that name, assessments. As such, they have been known and described for a number of years in the older states, in their contracts, laws, and constitutions. A clear distinction between them and other taxation was established." *Weeks v. Milwaukee*, 10 Wis. 242, 260.

A familiar illustration of the popular understanding is found in the language used in leases, and in those before us, where general taxes, when so intended, are named simply as "taxes;" and when assessments are intended the words "special taxes" or "assessments" are employed to express such intent.

Legislative exemptions of property from taxation are to be strictly construed. This rule is universal. Cooley, Taxation (1st ed.), 54; *Weston v. Shawano Co.* 44 Wis. 256, *ubi supra*. In pursuance of this principle, it has been generally held that a law exempting property from "taxation" does not exempt it from assessment for street improvements; that the terms "taxes" and "assessments" are not synonymous, and that the latter is not included in the former. *Lima v. Lima Cemetery Asso.* 5 Am. & Eng. Corp. Cas. 547, and note, where the cases on the subject are collected; *Winona & St. P. R. Co. v. Watertown,* 1 S. Dak. 46; *Sioux City v. Independent Sch. Dist. of Sioux City,* 55 Iowa, 150; 25 Am. & Eng. Ency. of Law, 160, and numerous cases cited in note 2; *Worcester Agr. Soc. v. Worcester,* 116 Mass. 189, 191; *Bridgeport v. N. Y. & N. H. R. Co.* 36 Conn. 255; *McLean Co. v. Bloomington,* 106 Ill. 209; *Adams Co. v. Quincy,* 130 Ill. 566; *Zable v. Louisville B. O. Home,* 92 Ky. 89; *State v. Mills,* 34 N. J. Law, 177; *Buffalo City Cemetery v. Buffalo,* 46 N. Y. 506; *Roosevelt Hospital v. New York,* 84 N. Y. 108; *Ill. Cent. R. Co. v. Decatur,* 147 U. S. 190. The surrender of the right to make and levy assessments cannot be implied. All presumptions are against it, and all who insist on such exemption, by which private property is to be improved at public expense, must come prepared to establish it in clear and unanswerable terms. Endlich, Interp. Stat. § 356; Suth. Stat. Const. § 364; *Tucker v. Ferguson,* 22 Wall. 575; *West Wis. R. Co. v. Trempealeau Co.* 93 U. S. 598; *People ex rel. Twenty-third St. R. Co. v. Commissioners of Taxes,* 95 N. Y. 554.

We must hold, therefore, that the provision of ch. 450, Laws of 1889, exempting the premises in question from "taxation," cannot be construed or extended so as to operate as an exemption of said premises from special taxes or assessments so long as the same shall be leased, used, or occupied by the Wisconsin State Agricultural Society for the purpose of holding the annual state fair; that when brought within the corporate limits of the city they became at once subject to the provision of the city charter (sec. 12, subch. 20, ch. 184, Laws of 1874), which declares that "real estate exempt from taxation by the laws of the state shall be subject to special taxes as other real estate under this act."

Under the various provisions for selling and conveying lands charged with assessments, for nonpayment, it cannot well be doubted but that, within the meaning of these acts, an assessment may be said to be a tax, as there is no other method by which collection can be enforced save through the agency of the laws for the sale and conveyance of lands for the nonpayment of general taxes; and for this reason, and to that purpose, an assessment was regarded as a tax, as held in *Dalrymple v. Milwaukee*, 53 Wis. 187; *Sheboygan Co. v. Sheboygan*, 54 Wis. 421. These cases fall far short of holding that an exemption of property from "taxation" is an exemption of it from assessment or special taxation for local improvements.

The amendatory act (ch. 82, Laws of 1891) did not become operative until March 31st of that year. The assessment had been ordered, and the improvement contracted for, and the work constructed during the previous year, and the usual certificate was issued to Brand, the contractor, January 8, 1891. He thereby acquired vested rights by virtue of his contract and the performance of the same, and was entitled to have the assessment collected by and through the ordinary instrumentalities. This was an inseparable incident of his contract, attendant upon its performance, without which

it would probably have been of little or no value, and any legislation to deprive him of his right to enforce the payment of the assessment against the land would doubtless be an impairment of his contract forbidden by the constitution. *Robinson v. Howe*, 13 Wis. 341, 345. Besides, upon the face of this act, it is apparent that it was not intended to have a retrospective operation, but was enacted only as a rule for future cases.

The proper construction and effect of the acts under consideration depend upon the fair meaning of the language used, and not upon the fact that the legislature in previous years had bestowed many favors upon the State Agricultural Society, nor upon its financial necessities or the character or extent of its pecuniary obligations to the owner of the driving park to pay what is termed in the lease "a material part of the rent" of these premises by paying the general and special taxes or assessments charged thereon while holding the same under the lease.

It does not clearly appear whether the two small assessments for street sprinkling were charged upon the property before or after ch. 82, Laws of 1891, took effect; but if afterwards, the plaintiffs were not entitled to enjoin the execution of a tax deed upon the certificate of sale embracing the three assessments, without tendering the amount equitably and actually due thereon for the assessment for the sewer. *Hart v. Smith*, 44 Wis. 213, 215.

For these reasons, we hold that the order refusing to vacate the injunctional order was erroneous.

*By the Court.*— The order of the circuit court refusing to vacate the injunctional order is reversed, and the cause is remanded for further proceedings according to law.