CITY OF PLYMOUTH, Appellant, v. ELSNER, Respondent.

*June 3—June 25, 1965.*

For the appellant there were briefs by *P. G. Anderson,* city attorney, attorney, and *Honeck, Mantyh & Arndt* of Milwaukee, special counsel, and oral argument by *Stewart G. Honeck.*

For the respondent there was a brief by *Walter & Hopp* and *Alexander Hopp,* all of Sheboygan, and oral argument by *Alexander Hopp.*

CURRIE, C. J. The brief of appellant city states the question involved on this appeal to be:

"Is a levy of assessments by the City of Plymouth upon residential and commercial properties at the rate of fifty (50) cents and one (1) dollar per month, respectively, for the purpose of financing the purchase, lease and maintenance of industrial sites and for which sec. 66.52 Stats. authorizes the City to contract indebtedness outside of its constitutional debt limitation unconstitutional as not conforming to the rule of uniform taxation prescribed by sec. 1, art. VIII of the Wisconsin constitution?"

This phrasing of the issue presupposes that the tax imposed by the ordinance is a property tax and not an excise tax. We entertain some doubt as to whether such tax may not be properly classified as an excise tax on the theory that it is levied on a particular transaction, *i.e.,* the payment of bills of the municipal electric utility for the purpose of raising city revenue.[1]

We find it unnecessary to determine whether the tax imposed by the ordinance is an excise tax or a general property tax. If it is an excise tax, it is invalid for the reason that the legislature has not conferred upon Wisconsin cities the power to levy excise taxes of the type here attempted to be levied. If it is a property tax, it violates the uniformity

[1] For various definitions of excise taxes see *Abney v. Campbell* (5th Cir. 1953), 206 Fed. (2d) 836, 840; *State ex rel. Missouri Portland Cement Co. v. Smith* (1936), 338 Mo. 409, 413, 90 S. W. (2d) 405; *De Land v. Florida Public Service Co.* (1935), 119 Fla. 804, 813, 161 So. 735; *Flynn, Welch & Yates v. State Tax Comm.* (1934), 38 N. M. 131, 136, 28 Pac. (2d) 889; 84 C. J. S., Taxation, sec. 121, p. 245; 30 Am. Jur., Internal Revenue, sec. 3, p. 112; 1 Cooley, Taxation (4th ed.), sec. 46, pp. 131–135.

clause contained in sec. 1, art. VIII, Wisconsin constitution, which provides: "The rule of taxation shall be uniform. . . ."

*Power of Cities to Levy Excise Tax to be*
*Added to Public Utility Charges.*

The constitutional authority of cities only extends to local affairs and does not cover matters of statewide concern. *Van Gilder v. Madison* (1936), 222 Wis. 58, 267 N. W. 25, 268 N. W. 108; *Logan v. Two Rivers* (1936), 222 Wis. 89, 267 N. W. 36. For a discussion of the test of statewide concern as opposed to local affairs, see opinion on rehearing, *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 515c–515g, 53 N. W. (2d) 514, 55 N. W. (2d) 40. This court declared in *State ex rel. Thomson v. Giessel* (1953), 265 Wis. 207, 213, 60 N. W. (2d) 763, "The legislature has plenary power over the whole subject of taxation." Such plenary power must be based on presupposition of statewide concern.

Appellant city has cited no constitutional or statutory provision which authorizes a city to levy an excise tax to be added to the amounts payable for charges imposed for a public-utility service such as electricity. 16 McQuillin, Mun. Corp. (3d ed.), pp. 19–21, sec. 44.05, states:

"And since the authority to levy taxes is an extraordinary one, it should never be left to implication unless it be a necessary implication. The grant relied upon should be evidence and unmistakable, and, if there is a doubt as to the existence of the power, such doubt will be resolved against the municipality and in favor of the taxpayer."

Wisconsin recognizes the general rule of construction that a tax cannot be imposed without clear and express language for that purpose, and where ambiguity and doubt exist, it must be resolved in favor of the person upon whom it is sought to impose the tax. *Wadhams Oil Co. v. State* (1933), 210 Wis. 448, 459, 245 N. W. 646, 246 N. W. 687.

The home-rule amendment found in sec. 3, art. XI of the Wisconsin constitution, is only applicable to matters of local affairs of cities and villages and would not encompass the levying of an excise tax to be added to public utility bills.

We have no hesitancy in holding that appellant city was without any constitutional or statutory authority to levy the instant tax if it be deemed an excise tax.

*Uniformity Requirement if Tax is
Classified As a Property Tax.*

In *Barnes v. West Allis* (1957), 275 Wis. 31, 37, 81 N. W. (2d) 75, this court declared:

"Under sec. 1, art. VIII, constitution of Wisconsin, where a property tax is levied, there can be no classification which interferes with substantial uniformity of rate based upon value."

Other cases which have interpreted the uniformity clause, as applied to a property tax, to require practical equality based on value are: *State ex rel. Baker Mfg. Co. v. Evansville* (1952), 261 Wis. 599, 609, 53 N. W. (2d) 795; *Chicago & N. W. R. Co. v. State* (1906), 128 Wis. 553, 608, 108 N. W. 557; and *Knowlton v. Rock County* (1859), 9 Wis. 378, 449 (*410, *420).

The tax imposed by the instant ordinance violates the constitutional requirement of uniformity because all residence properties having electrical service meters are taxed 50 cents per month regardless of value. A residential property having an assessed value of $5,000 is required to pay the same tax as one having an assessed value of $20,000. This same disregard of value occurs with respect to the tax imposed on commercial properties having electrical service meters.

The instant tax also violates the uniformity requirement by taxing commercial properties at a higher rate than residential

properties. That this is so is clear from this statement by Mr. Justice MARSHALL in *Chicago & N. W. R. Co. v. State, supra,* at pages 603, 604:

"For the direct method of taxing property, taxation on property so called, as to the rule of uniformity, there can be but one constitutional class. All not included therein must be absolutely exempt from such taxation. All within such class must be taxed on a basis of equality so far as practicable."

See also *Knowlton v. Rock County, supra.*

The appellant city does not challenge the correctness of the determination of the trial court that the instant tax violates the uniformity requirement of sec. 1, art. VIII, Wisconsin constitution, if such tax is held to be a direct property tax. Rather it seeks to avoid this result by contending that this tax is not a general property tax but a special assessment. If it is a special assessment, the uniformity requirement is inapplicable. *Williams v. Madison* (1962), 15 Wis. (2d) 430, 443, 113 N. W. (2d) 395; *Milwaukee v. Taylor* (1938), 229 Wis. 338, 340, 282 N. W. 448; *Weeks v. Milwaukee* (1860), 10 Wis. 186, 204 (*242, *261). Thus the crucial question is whether the tax imposed by the ordinance is a special assessment.

A special assessment differs from a general tax in that it is imposed to pay for an improvement which benefits specific property within the political division imposing it. *De Pere v. Public Service Comm.* (1954), 266 Wis. 319, 327, 63 N. W. (2d) 764. See also *Yates v. Milwaukee* (1896), 92 Wis. 352, 356, 357, 66 N. W. 248; *Hale v. Kenosha* (1872), 29 Wis. 599, 605; 14 McQuillin, Mun. Corp. (3d ed.), pp. 14, 15, sec. 38.01. The instant tax was levied to provide funds with which to acquire industrial sites to be leased or sold to industries. While industrial sites may constitute public improvements, they do not benefit specific property in the

city to a tangible extent which permits the levying of a special assessment measured in terms of the benefit conferred. Such sites confer no more tangible benefits to specific property than would a school or municipal swimming pool.

In *Duncan Development Corp. v. Crestview Sanitary Dist.* (1964), 22 Wis. (2d) 258, 264, 265, 125 N. W. (2d) 617, it was held that an improvement to the water system of a sanitary district which benefited all the property of the district, but to varying degrees, could be financed through special assessments levied on all the property of the district. However, the benefits conferred by such an improvement to all property in the district were tangible enough to support a special assessment.

In view of the foregoing we conclude that, if the tax imposed by the instant ordinance is a property tax, it is a general tax and not a special assessment.

*By the Court.*—Judgment affirmed.