NELSON, Administratrix, and another, Plaintiffs, v. OHIO CASUALTY INSURANCE COMPANY, Defendant and Respondent: UNITED FIRE & CASUALTY COMPANY, Impleaded Defendant and Appellant.

*November 29, 1965—January 4, 1966.*

316

318

For the appellant there was a brief by *Stanley F. Schellinger*, attorney, and *James G. Doyle* of counsel, both of Milwaukee, and oral argument by *Mr. Schellinger*.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Stephen O'Meara*.

CURRIE, C. J. Plaintiffs' complaint seeks recovery from Ohio Casualty on the basis that the two fellow employees of the deceased were additional insureds under Ohio Casualty's policy of automobile liability insurance. Plaintiffs' cause of action could not be grounded on any negligence of the city of Hartford as the named insured because the city's liability arising by reason of the instant accident is confined solely to that imposed by the Workmen's Compensation Act. For this reason Ohio Casualty's cross complaint against United is also grounded upon the liability of United under its policy for the alleged negligent acts of the two fellow employees. Inasmuch as these two fellow employees are not encompassed within the definition of "insured" contained in United's policy, Ohio Casualty grounds its claim, that United's policy extended coverage to these two fellow employees, on the omnibus coverage statute, sec. 204.30 (3), Stats.[2]

United advances these three contentions as to why the omnibus coverage statute is not applicable under the instant facts:

(1) This statute does not apply to general liability policies such as United's policy.

(2) The truck which fatally injured the deceased was not "any automobile described in this policy" within the meaning of the words of this statute.

(3) The accident did not occur on a public highway.

[2] This statute provides in part: "No such policy [insuring against damage to person or property caused by any motor vehicle] shall be issued or delivered in this state to the owner of a motor vehicle, unless it contains a provision reading substantially as follows: The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. . . ."

*Type of Policy.*

United maintains that the omnibus coverage statute does not apply to a comprehensive liability policy which only insures motor vehicles operated on private premises or ways adjoining thereto. It has been stressed that this policy is modeled after the form drafted by the National Bureau of Casualty Underwriters which has been on file for the past twenty years with the commissioner of insurance. During that time the commissioner has never questioned the absence of an omnibus coverage clause to meet the requirement of sec. 204.30 (3), Stats. Long-continued administrative interpretation of a statute is a significant aid in statutory interpretation.[3] Here there is no showing of a positive act of administrative interpretation but only a passive failure to act. Disregarding this feature, administrative interpretation is only of significance where there is an ambiguity in the statute.[4] It cannot overcome the plain wording of a statute where there is no ambiguity.

We find no ambiguity in sub. (3) of sec. 204.30, Stats., with respect to the type of policy to which it is applicable. The commencing words, "No such policy . . ." plainly relate back to the type of policy described in sub. (1), which reads:

"No policy of insurance against loss or damage resulting from accident or injury to a person, and for which the insured is liable, or against loss or damage to property caused by animals or by any motor vehicle, and for which the insured is liable, . . ."

We interpret this language to apply to any policy which extends coverage to damage caused by motor vehicle for

[3] *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. (2d) 249, 255, 88 N. W. (2d) 352, 89 N. W. (2d) 825; *Dunphy Boat Corp. v. Wisconsin Employment Relations Board* (1954), 267 Wis. 316, 326, 64 N. W. (2d) 866.

[4] *Beghin v. State Personnel Board* (1965), 28 Wis. (2d) 422, 430, 137 N. W. (2d) 29.

which the insured is liable. It is conceded that the instant policy does insure the city of Hartford against claims for damage caused by motor vehicle accidents on the city's premises and adjoining ways.[5] We deem it immaterial that this coverage is provided by a comprehensive liability policy rather than one confined to coverage of motor vehicles. This interpretation of sec. 204.30 (3), Stats., is consistent with that given the direct-liability statute, sec. 204.30 (4).[6]

### Truck Not Described in Policy.

Sub. (3) of sec. 204.30, Stats., extends coverage to "any person or persons while riding in or operating any automobile [7] described in this policy . . ." subject to after-stated limitations. Because the motor truck which fatally injured the deceased was not described in its policy, United contends the statute is not applicable to the instant situation. We had this same question before us in *Snorek v. Boyle* [8] with respect to the statutory words, "the vehicle described therein" appearing in sub. (4) of sec. 204.30, the direct-liability statute. It was there determined that if the policy extends coverage to the vehicle involved in a particular accident, then such vehicle is a "vehicle described therein" within the meaning of such direct-liability statute. In reaching such result we stressed the broad remedial purpose that motivated the

[5] The exclusion clause excludes coverage of "automobiles if the accident occurs away from such [the insured's] premises or the ways immediately adjoining." The word "automobiles" is a generic term which embraces trucks. *Schmude v. Hansen* (1965), 28 Wis. (2d) 326, 330, 137 N. W. (2d) 61; *Wiese v. Polzer* (1933), 212 Wis. 337, 343, 248 N. W. 113.

[6] *Snorek v. Boyle* (1962), 18 Wis. (2d) 202, 208, 118 N. W. (2d) 132; *Goller v. White* (1963), 20 Wis. (2d) 402, 406, 122 N. W. (2d) 193.

[7] That the word "automobile" embraces a truck, see footnote 5. Cf. *Snorek v. Boyle, supra,* footnote 6, at page 210.

[8] *Supra,* footnote 6.

legislature in enacting sub. (4) of sec. 204.30. We have also interpreted sub. (3) of sec. 204.30 as having a broad remedial purpose which requires it to be liberally construed.[9] Therefore, we interpret "automobile described in this policy" appearing in sub. (3) as having the same meaning as "vehicle described therein" found in sub. (4) of sec. 204.30, i. e., as any vehicle to which the policy extends coverage. This is in accord with the statement made by this court in *Culver v. Webb*,[10] wherein the court was considering the omnibus coverage statute:

"Neither is the description of a particular automobile owned by the assured of essential importance."[11]

*Accident Not Occurring on Public Highway.*

We find no merit to the further contention made by United that sec. 204.30 (3), Stats., is limited to motor vehicle accidents occurring on a public highway. In *Snorek v. Boyle*[12] and *Smedley v. Milwaukee Automobile Ins. Co.*[13] we emphasized the operation of a vehicle on a public street or highway in considering whether it fulfilled the category of a "motor vehicle" within the meaning of sub. (4) of sec. 204.30, the direct-liability statute. However, as made clear in the recent case of *Rice v. Gruetzmacher*,[14] we were in those cases dealing with a class of motor-propelled vehicles so designed that they might never be used for transporting or drawing persons or property on a public highway. The *Rice Case* estab-

[9] *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 349, 351, 84 N. W. (2d) 84. See also *Ducommun v. Inter-State Exchange* (1927), 193 Wis. 179, 184, 212 N. W. 289, 214 N. W. 616; and *Groth v. Farmers Mut. Automobile Ins. Co.* (1963), 21 Wis. (2d) 655, 659, 124 N. W. (2d) 606.

[10] (1944), 244 Wis. 478, 12 N. W. (2d) 731.

[11] Id. at page 490.

[12] *Supra*, footnote 6, at page 208.

[13] (1961), 12 Wis. (2d) 460, 466, 107 N. W. (2d) 625.

[14] (1965), 27 Wis. (2d) 46, 51, 133 N. W. (2d) 401.

lished that such a class of vehicles were not motor vehicles within the meaning of sec. 204.30 (4) unless operated on a public highway at the time the accident occurred.

A United States district court sitting in Minnesota in *Travelers Ins. Co. v. American Fidelity & Casualty Co.*[15] was called upon to consider the applicability of sec. 204.30 (3), Wis. Stats., in connection with an off-the-highway motor vehicle accident where the insurance policy, although issued in Wisconsin, contained no omnibus coverage clause. The court held that the statute applied even though the accident occurred off the highway. We approve of this holding as it is consistent with the liberal interpretation of this omnibus coverage statute which has been employed by our court.

It is our considered determination that sec. 204.30 (3), Stats., is applicable to a policy of insurance extending liability coverage to a motor-propelled vehicle which is designed to transport or draw persons or property on the public highways, and it is immaterial whether the accident which triggers the claim of liability arose on private premises. The truck involved in the accident which fatally injured the deceased obviously was such type of vehicle.

*By the Court.*—Order affirmed.

[15] (D. C. Minn. 1958), 164 Fed. Supp. 393.