AMANS, Respondent, v. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Appellant.

*No. 519 (1974). Argued October 28, 1975.—Decided December 19, 1975.*
(Also reported in 236 N. W. 2d 279.)

For the appellant the cause was argued by *George B. Schwahn*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

For the respondent there was a brief by *Joe Thrasher* and *Gannon & Friess*, all of Rice Lake, and oral argument by *Herman A. Friess*.

DAY, J. The judgment appealed from reverses an order of the Department of Health and Social Services ("H&SS"), which dismissed Mr. Amans' petition for review of a denial to him of old-age assistance by the Barron county department of social services. The principal issue on appeal is whether the denial of old-age assistance by Barron county and H&SS was based on an erroneous interpretation of the statutes describing old-age assistance qualifications. The circuit court held that H&SS was in error, and with this holding we agree.

Mr. Alex Amans was hospitalized on December 18, 1972, and applied for old-age assistance on December 22, 1972, pursuant to sec. 49.20 *et seq.* of the then-effective 1971 statutes. Mr. Amans had no liquid assets at that time. His wife, however, owned liquid assets of an apparently substantial amount; a "Resource Inquiry" prepared by the state was reported by the circuit court as having listed the value of her liquid assets at $10,619.06, although the circuit court made no finding to this effect, and this document is not included in the appeal record. In any case, because Mrs. Amans' liquid assets were valued at more than $750, Mr. Amans' application was denied by the Barron county department of social services, in accordance with its interpretation of sec. 49.22 (2) (b), Stats. 1971.[1]

[1] "49.22 **Persons eligible.** (1) Any needy person who complies with ss. 49.20 to 49.37 shall be entitled to financial assistance in old age. The amount granted shall be determined by a budget in which all income and resources, . . . Old-age assistance may be granted to a person only if:

"(a) He is dependent;

"(b) He has attained the age of 65 years. This minimum age shall be reduced to 60 years whenever the federal government makes aid available to the states for old-age assistance to persons between 60 and 65 years of age;

"(c) He has allowed the county agency 15 to 30 days to process his application and, if not already a resident of the county, has notified the agency of his intent to establish residence in the county. Payments of aid to eligible individuals will not be retroactive beyond the first of the month in which eligibility is established.

"(d) He has no person responsible for his support and able to support him as provided in s. 52.01;

"(e) He has not conveyed or transferred any property in contemplation of such assistance or to avoid the provisions of ch. 49. Any transfer of property made after old-age assistance has been granted or within 2 years prior to application for assistance and without an adequate and full consideration in money or money's worth shall, unless shown to the contrary, be presumed to have been made in contemplation of such assistance, or to avoid the provisions of ch. 49.

Mr. Amans petitioned H&SS to review the action of the county department, claiming among other things an erroneous interpretation of the cited statute. H&SS dismissed Mr. Amans' petition on the grounds that he was not a "dependent" within the meaning of the statute and, therefore, did not qualify for old-age assistance. H&SS stated:

"This department has uniformly held that under sec. 49.22 (2) (b) 1, Wis. Stats., a man and his spouse may together own assets of $1,500 or $750 for each of them. . . . The language of the statute is clear and provides that eligibility does not exist if the applicant or his spouse own property in excess of the statutory maximums."

Mr. Amans petitioned the circuit court for Dane county for review of H&SS's decision under ch. 227,

"(2) A person shall be considered dependent within the meaning of this section even though he or his spouse owns property if the property owned either by him or his spouse is not in excess of the following:

"(a) A home and the lands used or operated in connection therewith or, in lieu thereof, a house trailer, if such home or house trailer is used as the person's abode. Ownership of a life estate in a home by the dependent person or his spouse does not disqualify such person for old-age assistance even though the home is not used by him as his place of abode.

"(b) Tangible personal property of reasonable value and in actual use.

"1. $750 in liquid assets which may be retained by the recipient free of the control of the county agency.

"2. Any sum which a recipient of old-age assistance shall have on deposit with the county treasurer for payment of his funeral expenses under s. 49.22 (2) (c) 1, statutes of 1953, shall be returned to the recipient.

"(3) (a) Any person who applies for old-age assistance after March 31, 1955 and who owns an insurance policy with a cash value not to exceed $1,000 the premiums of which have been paid by some person other than the applicant may continue to own such policy without restriction or control by the county welfare agency provided the applicant does not request payment of the premiums of the policy by the welfare agency."

Stats., on the grounds, among others, that the department had exceeded its authority under the statute and had committed other errors of law. The circuit court held that the department's interpretation of the statute was not reasonable, and that Mr. Amans could not be disqualified from old-age assistance on the basis of his wife's ownership of liquid assets in excess of $750. The circuit court ordered the case remanded to the Barron county department of social services for further proceedings, and H&SS has appealed from that order. The sole issue before us is the correctness of the department's interpretation of sec. 49.22, Stats. 1971.[2]

This court is not bound by an agency's statutory interpretation. *Board of School Directors of Milwaukee v. WERC* (1969), 42 Wis. 2d 637, 168 N. W. 2d 92. An agency's construction of a statute is significant only when the statute is ambiguous on its face. *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 274, 163 N. W. 2d 625.

H&SS argues that sec. 49.22 (2), Stats. 1971, speaks of property "owned either by him [the applicant] or his spouse." The department completely overlooks the fact that the statutory subsection describing the $750 liquid asset limitation applies it expressly and exclusively to the "recipient" of old-age assistance, and not to the spouse. The words "by the recipient" could have been omitted by the legislature, with the result that the liquid asset limitation would apply to the spouse; but where the legislature speaks of assets owned by "him or his spouse" and, only a few lines later, speaks of assets retained "by the recipient," there can be no doubt of an affirmative intent by the legislature to apply the

---

[2] Effective January 1, 1974, sec. 49.22, Stats. 1971, was repealed, along with most other sections of the old-age assistance program.

$750 liquid asset limitation only to the recipient. The meaning of the statute is clear on its face.[3]

This interpretation does not allow a recipient's spouse to own unlimited property. He or she is still subject to the "reasonable value" limit on "tangible personal property" referred to in the statute. It is apparent from the organization of sec. 49.22 (2) (b) that the statute intended to include "liquid assets" within the class of "tangible personal property," even though this concept of "tangible personal property" is broader than usual. Even if "tangible personal property" is not construed to include, and therefore limit, the spouse's liquid assets, those assets are limited by other sections of the old-age assistance statutes as they then existed, specifically sec. 49.22 (1) (d), which incorporates 52.01.[4]

---

[3] Sec. 49.26, Stats. 1971, further substantiates the position that the assets of only the recipient are involved, insofar as it reveals that the phrase "free of control of the county agency" used in sec. 49.22 (2) (b) 1 is juxtaposed to county control of only the aid recipient's property authorized under sec. 49.26:

"49.26 **Transfer of property; liens on real property.** (1) PERSONALTY AND FOREIGN REALTY. If the county agency deems it necessary, it may require as a condition to a grant of assistance that all or any part of an applicant's personal property (except that mentioned in s. 49.22 (2)) and real property not situated in Wisconsin be transferred to the county agency. The property shall be managed by the county agency who shall pay the net income to those entitled thereto. The county agency may sell, lease or transfer the property, or defend or prosecute all actions concerning it, and pay all just claims against it, and do all other things necessary for the protection, preservation and management of the property."

[4] "52.01 **Liability of relatives; enforcement.** (1) The parent, spouse and child of any dependent person (as defined in s. 49.01) who is unable to maintain himself shall maintain such dependent person, so far as able, in a manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; but no child of school age shall be compelled to labor contrary to the child labor laws. For the purpose of determining the ability of a

It is clear that sec. 49.22 and sec. 52.01, Stats., must be construed together. Sec. 49.22 (1) (d) makes it a specific condition of eligibility for old-age assistance that no person be responsible for the applicant's support under sec. 52.01. Sec. 52.01 (4) makes it clear that one made responsible for support of a relative is not to be pauperized in the process. It would be inconsistent to recognize the "nonpauperization" standard in sec. 49.22 (1) (d), and then require in the next paragraph, sec. 49.22 (2) (b) 1, that Mrs. Amans become a pauper, with liquid assets of less than $750, before her husband can qualify for old-age assistance. It would be similarly inconsistent to apply the "reasonable value" limit on tangible personal property, set by sec. 49.22 (2) (b), such as to impoverish Mrs. Amans. We therefore hold that the determination of whether Mrs. Amans' assets disqualify Mr. Amans from old-age assistance must be made in light of her future needs for support, as set forth in ch. 52.

parent, spouse or child to maintain a dependent person, relief granted under s. 71.09 (7) shall not be considered.

"(2) Upon failure of relatives so to do said authorities or board shall submit to the district attorney a report of its findings, and upon receipt thereof the district attorney shall, within 60 days, apply to the county court of the county in which such dependent person resides for an order to compel such maintenance. Upon such application said district attorney shall make a written report thereof to the county welfare department, with a copy to the chairman of the county board and to the department.

". . .

"(4) The county court shall in a summary way hear the allegations and proofs of the parties and by order require maintenance from such relatives, if of sufficient ability (having due regard for their own future maintenance and making reasonable allowance for the protection of the property and investments from which they derive their living and their care and protection in old age) in the following order: First the husband or wife; then the father; then the children and the county court may consider whether or not the parents have supported the children in the manner prescribed by law; and lastly the mother."

The circuit court did not make any finding concerning the actual amount of Mrs. Amans' assets, although it mentioned references by the parties to a liquid asset value of $10,619.06. The lack of a specific finding requires us to remand this case to the H&SS Department. We note, however, that at the time of the circuit court decision on this matter in June, 1974, the petitioner was still in the convalescent home. It does not take much by the way of calculation to show that if Mrs. Amans' assets were, in fact, around the $10,000 suggested by the circuit court, they would soon be exhausted by the expense of nursing-home care. As stated above, Mrs. Amans' own needs for support must be considered in determining whether her assets disqualify her husband from old-age assistance.

The cause is remanded to the department to make a determination consistent with this opinion as to the petitioner's eligibility for assistance, and the amount thereof, as of the date of his application. If assistance was, in fact, improperly denied, and Mrs. Amans did contribute from her personal estate to Mr. Amans' support, the retroactive payment of assistance should be made to her, to the extent of her contribution.

*By the Court.*—Judgment affirmed; cause remanded to the Department of Health and Social Services for further proceedings not inconsistent with this opinion.