DONALD E. PERCY, Secretary Department of Health and SocialServices
On May 12, 1981, you wrote to renew your request for my opinion on the question of the authority of the Department of Health and Social Services (Department) to consent to evaluation of children in its legal custody for exceptional educational needs (EEN). Your inquiry relates to children committed to the Department as delinquent under sec. 48.34 (4m), and children in the legal custody of the Department because of disabilities under sec. 48.34, Stats. A previous opinion request in 1979 on similar questions had been withdrawn.
Your specific questions, as stated in your May 12 letter, are:
 1. Where parental permission is necessary for an EEN evaluation or placement to occur, and the child in question is in the legal custody of the Department of Health and Social Services, should a parent's failure to respond to requests for permission be treated the same as a refusal of permission?
 2. What if the parent cannot be found at all to receive the request for permission?
 3. In either case, may the department treat the parent as unavailable pursuant to 45 CFR 121a.514 and 20 U.S.C. § 1415 (b)(1)(B), *Page 29 
appoint a "surrogate parent", and have the surrogate parent make the EEN decision?
As an initial matter, ch. 115, subch. V. Stats., requires written parental permission in order to conduct a multidisciplinary team screening of a child. Sec. 115.80 (3)(b), Stats. For the purposes of ch. 115, Stats., the definition of "parent" includes a guardian. Sec. 115.76 (6), Stats. In answering your questions, I will assume that a parent's or guardian's permission, as opposed to a legal custodian's permission, is required to conduct an evaluation or placement of a child pursuant to sec. 115, subch. V, Stats.
Question 1
A parent's refusal to respond to a request for permission for an evaluation or placement of a child in the Department's legal custody must be treated as a refusal of permission.
The relevant state law governing this question of evaluation is sec. 115.80 (3)(b), Stats.:[1]
 The multidisciplinary team shall, upon written parental approval, examine any child who has attained the age of 3 years and who as a result of screening under sub. (2) is believed to have exceptional educational needs. or is referred to it by a parent as a result of an individual's report under sub. (1) (a), by the governing body of a state or county residential facility or by a school board.
The statutory language is clear and unambiguous, and therefore the plain meaning of the words should prevail. The ordinary and accepted meaning of the language must govern without any resort to judicial construction. National Amusement Co. v. Dept. ofRevenue, 41 Wis.2d 261, 163 N.W.2d 625 (1969). The statute requires an affirmative act of consent by the parent or guardian, and a failure to consent does not satisfy the Legislature's mandate. *Page 30 
The placement of a child after evaluation also requires written parental consent:[2] "The school board after consultation with the multidisciplinary team and after the parent has consented inwriting shall place in an appropriate special education program a child who has been recommended for special education by a multidisciplinary team and who resides in the school district." Sec. 115.85 (2), Stats. The plain meaning rule applied to this unambiguous statutory language requires a similar conclusion that affirmative, written consent is required, and that a failure to respond would not satisfy the statute.
An examination of the relevant federal law compels the same conclusion. The Education for All Handicapped Children Act of 1975, 20 U.S.C. § 1401 et seq., and the implementing regulations at 45 C.F.R. § 121a et seq. (1980), provide numerous procedural safeguards to assure parents a role in the decisions regarding the education of their children with special needs.
"Parent" is defined at 45 C.F.R. § 121a.10 (1980):
 As used in this part, the term "parent" means a parent, a guardian, a person acting as a parent of a child, or a surrogate parent who has been appointed in accordance with § 121a.514. The term does not include the State if the child is a ward of the State.
Procedural safeguards for handicapped individuals are outlined at 45 C.F.R. § 121a Subpart E (1980). "Consent" is defined as follows:
 As used in this part: "Consent" means that: (a) The parent has been fully informed of all information relevant to the activity for which consent is sought, in his or her native language, or other mode of communication;
 (b) The parent understands and agrees in writing to the carrying out of the activity for which his or her consent is sought, and the consent describes that activity and lists the records (if any) which will be released and to whom; and *Page 31 
 (c) The parent understands that the granting of consent is voluntary on the part of the parent and may be revoked at any time.
45 C.F.R. § 121a.500 (1980).
The definition of "parent," which specifically excludes the state, taken together with the definition of "consent" which requires voluntary agreement in writing after notice, manifest an intention that a parent's failure to respond must be treated as a refusal of permission. The requirement of a knowing, free, affirmative act by a child's biological or legal parent cannot be satisfied when there is a failure to respond.
Question 2
Your second question asked what is the recourse of the Department when a parent of a child in the Department's legal custody cannot be found?
Chapter 115, Stats., and chapter P.I. 11 Wis. Adm. Code are silent on the issue of how to proceed when a parent cannot be located.
Federal law requires that participating states receiving assistance have
 [p]rocedures to protect the rights of the child whenever the parents or guardian of the child are not known, unavailable, or the child is a ward of the State, including the assignment of an individual (who shall not be an employee of the State educational agency, local educational agency, or intermediate educational unit involved in the education or care of the child) to act as a surrogate for the parents or guardian.
20 U.S.C. § 1415 (b)(1)(B)
These procedures are a condition of eligibility for state participation. 20 U.S.C. § 1412 (5)(A). *Page 32 
The implementing federal regulations provide:
 (a) General. Each public agency[3] shall insure that the rights of a child are protected when:
 (1) No parent (as defined in § 121a.10) can be identified;
 (2) The public agency, after reasonable efforts, cannot discover the whereabouts of a parent: or
 (3) The child is a ward of the State under the laws of that State.
 (b) Duty of public agency. The duty of a public agency under paragraph (a) of this section includes the assignment of an individual to act as a surrogate for the parents. This must include a method (1) for determining whether a child needs a surrogate parent, and (2) for assigning a surrogate parent to the child.
 (c) Criteria for selection of surrogates. (1) The public agency may select a surrogate parent in any way permitted under State law.
 (2) Public agencies shall insure that a person selected as a surrogate:
 (i) Has no interest that conflicts with the interest of the child he or she represents; and
 (ii) Has knowledge and skills. that insure adequate representation of the child.
 (d) Non-employee requirement, compensation. (1) A person assigned as a surrogate may not be an employee of a public agency which is involved in the education or care of the child.
 (2) A person who otherwise qualifies to be a surrogate parent under paragraphs (c) and (d)(1) of this section, is not an employee of the agency solely because he or she is paid by the agency to serve as a surrogate parent.
 (e) Responsibilities. The surrogate parent may represent the child in all matters relating to: *Page 33 
 (1) The identification, evaluation. and educational placement of the child, and
 (2) The provision of a free appropriate public education to the child.
45 C.F.R. § 121a.514 (1980).
The procedural safeguards of 20 U.S.C. § 1415 have been interpreted as controlling when there is a conflict between state and federal procedural requirements. Vogel v. School Bd. ofMontrose R-14 School Dist., 491 F. Supp. 989 (W.D. Mo. 1980);Monahan v. State of Neb., 491 F. Supp. 1174 (D.C. Neb. 1980).
Although Wisconsin has not adopted any "surrogate parent" regulation, another federal regulation indicates state law procedures apply at least in situations where parental consent is withheld: "Procedures where parent refuses consent. (1) Where State law requires parental consent before a handicapped child is evaluated or initially provided special education and related services, State procedures govern the public agency in overridinga parent's refusal to consent." 45 C.F.R. § 121a.504 (c)(1) (1980).
Since there is no comparable surrogate parent procedure in state law, it is appropriate to consider other state procedures which could be utilized by the Department when a parent cannot be located. At least two procedures are available under state law that do not conflict with the procedural requirements of federal law.
The first available state procedure is sec. 48.13, Stats., which gives state circuit courts jurisdiction of children alleged to be in need of protection or services. One of the criteria for a court's acquiring jurisdiction is that a child be without a parent or guardian. Sec. 48.13 (1), Stats. The Department could petition a court under this section to order EEN evaluation or placement for a child whose parents cannot be located.
The second procedure is a temporary guardianship. Sec. 880.15, Stats. The Department may proceed ex parte under sec. 880.15 (1), Stats., to have a temporary guardian appointed for a period of not more than sixty days. The statute also allows the authority of the temporary guardian to be limited to a specific set of duties, e.g., EEN evaluation and placement. *Page 34 
 Question 3
Your third question asks if the Department can use the federal surrogate parent procedure when a parent fails to respond to a request for consent or cannot be located. The answer is no.
The surrogate parent regulation[4] requires the "public agency" to insure children's rights by assigning an individual to act as a surrogate parent when it has been shown there is a need. "Public agency" is defined in the regulations. "As used in this part, the term `public agency' includes the State educational agency, local educational agencies, intermediate educational units, and any other political subdivision of the State which are responsible for providing education to handicapped children." 45 C.F.R. § 121a.11 (1980).
The Department is neither a state nor a local educational agency nor is it a political subdivision of the State responsible for providing education to handicapped children. Neither state nor federal law gives the Department the authority to appoint a surrogate parent.
In my opinion, the Department must utilize the procedures available in secs. 48.13 and 880.15, Stats., since no other procedures are available in state law when a parent cannot be located or refuses EEN services.
BCL:WAA
[1] See chapter PI 11.03 (4) Wis. Adm. Code, which repeats the statutory requirement for written parental consent prior to screening Prior to screening, parents must he informed of a referral of their child for the screening process. ChapterPI 11.02 (1)(b)1.b. Wis. Adm. Code.
[2] Chapter PI 11.04 (1)(a) Wis. Adm. Code specifically requires that there be no placement until parental consent is secured.
[3] In Wisconsin the "public agency" referred to in the regulations is the Wisconsin Department of Public Instruction. 45 C.F.R. § 121a.11 (1980).
[4] 45 C.F.R. § 121a.514 (1980).