FRED L. JACOBSON, Administrator, Division of CriminalInvestigation
You have requested my opinion concerning the legality of recently enacted ordinances of certain Wisconsin municipalities relating to fermented malt beverage and intoxicating liquor operator's licenses. The ordinances in question provide, in relevant part, that no operator's license shall be granted to a person under 21 years of age. You indicate you have received inquiries regarding the validity of such ordinances.
It is my opinion that these ordinances are invalid. Present state law does not permit local licensing authorities to raise the minimum age requirement for holding an operator's license from 18 years of age to 21 years of age. I believe that any ordinance which raises this age requirement is an invalid exercise of power whether asserted under the specific authority of secs. 66.054 (13) and 176.43 (1), Stats., the general police power granted by ch. 62, Stats., or under the Home Rule provisions of Art. XI, sec. 3, Wis. Const.
Wisconsin's constitutional home rule amendment provides in part, that: *Page 382 
"Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or village. * * *" (Art. XI sec. 3, Wis. Const.)
The Wisconsin Supreme Court has consistently held that this constitutional authority "* * * only extends to local affairs and does not cover matters of statewide concern." Plymouth v. Elsner
(1965), 28 Wis.2d 102, 106, 135 N.W.2d 799; Van Gilder v.Madison (1936), 222 Wis. 58, 267 N.W. 25, 268 N.W. 108; Logan v.Two Rivers (1936), 222 Wis. 891, 267 N.W. 36. The court has recognized that the liquor control laws are an enactment of state-wide concern, designed to obtain uniform regulation. SeeState ex rel. Martin v. Barrett (1946), 248 Wis. 621,22 N.W.2d 633; see also State ex rel. Torres v. Krauczak (1935),217 Wis. 593, 607, 259 N.W. 607. The legislature has also expressly declared that the provisions of sec. 66.054 and ch. 176, Stats., shall be construed as matters of state-wide concern for the purpose of providing a uniform regulation of the sale of fermented malt beverages and intoxicating liquors. See secs. 66.054 (16) and 176.44, Stats. In Barth v. Shorewood (1938),229 Wis. 151, 282, N.W. 89, the court held that a similar express statutory declaration was persuasive determining that a statute concerning the pension funds of police and fire departments did not conflict with the home-rule amendment. See also Van Gilder v.Madison, supra. The fact that the legislature has consistently enabled local licensing authorities to exercise wide discretion with regard to the issuance of operator's licenses does not necessarily render such issuance purely a matter of local concern. In delegating this power, the legislature in no way restricted its authority to alter the state's liquor regulation scheme either in substance or with regard to local discretion. Local discretion in this area derives from statutory authority, not the home-rule amendment. The fact that there is a local interest in the minimum age of operators cannot limit the right of the legislature to deal with this matter. Here, the age requirement established by the legislature is an integral part of the state's regulatory scheme. Further, the age requirement applies uniformly to every city and village. *Page 383 
It should also be noted that the Wisconsin Legislature has plenary authority, in the exercise of its police power, to prohibit traffic in liquor or restrict it in any reasonable manner. State ex rel. Martin v. Barrett, supra; Zadrow v. State
(1913), 154 Wis. 551, 143 N.W. 693. The legislature has continually exercised this power to regulate the sale of fermented malt beverages and intoxicating liquor in a comprehensive manner. Thus, the state has preempted this field and has precluded municipal regulation of liquor traffic based upon the general police power delegated to cities and villages by secs. 62.11 (5) and 61.34, Stats., respectively. Further, I do not believe that an ordinance raising the minimum operator's age can be validly enacted under the specific statutory authority of secs. 66.054 (13) and 176.43 (1), Stats.
The legislature recently enacted ch. 213, Laws of 1971, lowering the age of majority in Wisconsin to 18 years. This chapter amended sec. 66.054 (13), Stats., 1969, to read as follows:
"Nothing in this section shall be construed as prohibiting or restricting any city, village or town ordinances from placing additional regulations in or upon the sale of fermented malt beverages, not in conflict with the terms and provisions of thissection. This subsection does not give any municipal corporation the power to enact an ordinance forbidding persons over the age of 18 years from acting as check-out clerks or delivery personnel in grocery stores licensed to sell fermented malt beverages or from preventing such check-out clerks from including fermented malt beverages in the items which they are permitted to sell or preventing such delivery personnel from delivering fermented malt beverages from the licensed premises to the cars or homes of customers." (Emphasis added)
In a similar manner, sec. 176.43 (1), Stats., 1969, provides, in relevant part, that:
"Any city, village or town may by ordinance prescribe additional regulations in or upon the sale of intoxicating liquor, not in conflict with the provisions of this chapter. * * *" (Emphasis added) *Page 384 
Thus, the legislature has expressly granted local licensing authorities the power to enact additional regulations relating to the sale of fermented malt beverages and intoxicating liquorsonly when such regulations do not conflict with the provisions of sec. 66.054 and ch. 176, Stats., respectively.
In addition, ch. 213, Laws of 1971, provides in relevant part, that:
"Wherever the term "twenty-one years," "21 years" or "21" appear in the following sections of the statutes the term "18 years" is substituted: * * * 66.054 (8) (a), (9) (g), (10) (a), (11) (a) and (b), (22) and (23), * * * 176.05 (9), 176.31 (2), 176.32 (1) * * *" (Section 5)
Thus, sec. 66.054 (11) (a), Stats., the statute providing for operators' licenses, has been expressly amended to read as follows:
"(11) OPERATORS' LICENSES. (a) Every city council, village or town board may issue a license known as an "Operator's" license, which shall be granted only upon application in writing, and which shall not be required of any person or for any purpose other than to comply with par. (b). Said operator's license shall be issued only to persons 18 years of age or over, of good moral character, who have been citizens of the United States and residents of this state continuously for not less than one year prior to the date of the filing of the application. Such licenses shall be operative only within the limits of the city, village or town in which issued. For the purpose of this subsection any member of the immediate family of the licensee shall be considered as holding an operator's license."
The ordinances in question are in conflict with sec. 66.054 and ch. 176, Stats. It must be remembered that sec. 176.05 (11), Stats., requires dispensers of intoxicating liquor to possess an operator's license issued under sec. 66.054, Stats. In reducing the age of majority from 21 years to 18 years, the legislaturespecifically amended sec. 66.054 (11), Stats., reducing the minimum age requirement for an operator's license to 18 years. This age requirement, along with "good moral character," Wisconsin residency and United States citizenship for one year comprise the only state standards which an individual applying for an operator's license must meet. *Page 385 
In enacting ch. 213, Stats., the legislature addressed itself to the wisdom of conveying the rights and responsibilities of adulthood upon 18-year-olds. The definition of "adult" was not changed, only the age at which a person legally acquires adulthood. Thus, the legislature has clearly established 18 years as the minimum age of legal adulthood as well as the minimum age standard required for operator's licenses. Local licensing authorities cannot disregard this legislative declaration when considering applicants for such an operator's license.
The ordinances in question are in conflict with sec. 66.054 and ch. 176, Stats. It must be remembered that sec. 176.05 (11), Stats., requires dispensers of intoxicating liquor to possess an operator's license issued under sec. 66.054, Stats. In reducing the age of majority from 21 years to 18 years, the legislaturespecifically amended sec. 66.054 (11), Stats., reducing the minimum age requirement for an operator's license to 18 years. This age requirement, along with "good moral character," Wisconsin residency and United States citizenship for one year comprise the only state standards which an individual applying for an operator's license must meet.
In enacting ch. 213, Stats., the legislature addressed itself to the wisdom of conveying the rights and responsibilities of adulthood upon 18-year-olds. The definition of"adult" was not changed, only the age at which a person legally acquires adulthood. Thus, the legislature has clearly established 18 years as the minimum age of legal adulthood as well as the minimum age standard required for operator's licenses. Local licensing authorities cannot disregard this legislative declaration when considering applicants for such an operator's license.
An ordinance requiring an applicant to be 21 years of age in order be considered for an operator's license has the effect of placing an additional requirement upon applicants that is not found in the legislative enactment. The Wisconsin Supreme Court held in Morton v. Hanson (1930), 200 Wis. 576, 229 N.W. 53, that a town board could not require a bond of an applicant for a license to sell non-intoxicating liquors under the Severson Law where the statute did not require such a bond. At page 578 the court stated that the town board had discretion only: *Page 386 
"* * * to determine if the applicant was a proper person to conduct such a business, that is, a person fit, honest, or reputable, of good character . . . They were permitted to deny licenses on one ground, and only one ground, i.e., that the board should deem the applicant an improper person to conduct such business."
In conclusion, it is my opinion that municipalities cannot enact valid ordinances providing for a minimum operator's license age greater than the 18 years prescribed by state law. In light of the Wisconsin Supreme Court's long standing recognition that control of liquor traffic is a matter of state-wide concern, no constitutional home-rule power exists under which such an ordinance may be enacted. Nor is the power to enact such an ordinance available to municipalities under the statutory grants of police powers to cities and villages. The legislative action establishing standard requirements under which operator's licenses are to be issued preempts additional municipal regulation. Furthermore, any ordinance that prescribes a minimum age other than 18 years conflicts with the standards issued by state law. Section 66.054 (11) (a), Stats., does notrequire municipalities to issue operator's licenses to any particular person. However, the statute does not permit the exclusion of adults 18-20 years of age from consideration. The legislature has expressly included these persons in the class to be considered.
RWW:PAP