DAVID C. RESHESKE, District Attorney Washington County
You have requested an opinion on the validity of municipal ordinances which would require that all grocery store and liquor store employes and all bartenders acquire operators' licenses as a condition precedent to their employment in grocery stores, liquor stores or other licensed premises. I conclude that such ordinances would be invalid.
Section 125.10 (1), Stats., provides in part that "[a]ny municipality may enact regulations incorporating any part of this chapter and may prescribe additional regulations for the sale of alcohol beverages, not in conflict with this chapter." The question is whether the proposed ordinances are "in conflict with" any provisions contained in chapter 125 which regulate or govern the requirements for issuance of bartenders' licenses.
Section 125.17 (1) provides that every municipality may issue operators' (commonly known as bartenders') licenses and goes on to state in part that "[o]perators' licenses may not be requiredother than for the purpose of complying with ss. 125.32 (2) and125.68 (2)."
Section 125.32 (2) specifically prohibits premises which hold either a Class "A" or a Class "B" license or permit pertaining to fermented malt beverages from being open for business unless there is present upon the premises the licensee, the agent named on the license if it is a corporate licensee, the agent named in any Class "B" permit or some person who has an operator's license and who is responsible for the acts of all persons serving beer. The subsection further provides that any person who holds a manager's license under section 125.18 or any member of the licensee's immediate family who has attained the legal drinking age "shall be considered the holder of an operator's license." The subsection further states that no person, which includes underage persons of the licensee's *Page 87 
immediate family, other than the licensee or agent, may serve beer in any place operated under these licenses or permits unless the person has an operator's license "or . . . is under the immediate supervision of the licensee or agent or a person holding an operator's license, who is on the premises at the time of the service." Section 125.68 (2) contains virtually identical language in regard to "Class A" or "Class B" licenses and permits which pertain to intoxicating liquors.
The plain reading of these subsections indicates that the Legislature has declared that not all persons who may be involved in the serving of either fermented malt beverages or intoxicating liquor are required to possess an operator's license. The statutes clearly state that such an unlicensed person may serve beer or liquor if the server is under the immediate supervision of those persons named in the statutes.
It is also clear that the Legislature has occupied the field in the regulation of the trafficking in alcohol beverages for the purpose of ensuring that the laws and regulations in this area are uniform. Section 125.01, which contains the legislative intent of chapter 125, specifically states that chapter 125 is to be construed "as an enactment of statewide concern for the purpose of providing a uniform regulation of the sale of alcohol beverages." This can be read as a restatement of the continual exercise of the Legislature of its power to regulate the sale of beer and liquor in a comprehensive fashion. To allow municipalities to enact ordinances such as those under discussion, as they saw fit, would result in a totally nonuniform system of regulation throughout the state concerning alcohol beverages.
In addition, the legislative history surrounding these changes to the laws regarding the employment of minors reflects this finding of clear legislative intent. Those problems involving the employment of underage persons for the purpose of serving alcohol beverages on licensed premises became apparent when 1983 Wisconsin Act 74 took effect on July 1, 1984. Section 5 of that bill created section 125.02 (8m) which defined the legal drinking age as nineteen years of age. Section 11 repealed and recreated section 125.07 (4) which concerned in part the prohibitions against underage persons being on licensed premises or knowingly possessing alcohol beverages. In addition, that section created paragraphs (e) and (f) of subsection (4) which provided certain exceptions for underage persons from *Page 88 
possessing beer or intoxicating liquor under certain conditions as part of their employment. Paragraph (e) provided that underage persons employed by licensees or permittees, including retail establishments, are not prohibited from possessing beer during either the brewing process or for sale or delivery to customers. Paragraph (f) provided that underage persons employed by a brewery, winery or a facility for the rectifying or manufacture of intoxicating liquor were not prohibited from possessing alcohol beverages during regular working hours and during the course of their employment. This subsection specifically omitted any reference to or exception for underage persons being employed by retail licensees. Therefore, this portion of that legislation created an internal inconsistency between the treatment of beer and liquor vis-a-vis the employment of underage persons on premises covered by retail beer and liquor licenses. As a practical matter, this appeared to prohibit the employment of all underage persons by retail licensees which would include restaurants and the like for the reason that virtually all of such premises are covered by both beer and intoxicating liquor licenses.
It was this problem that was finally rectified by the Legislature by the enactment of 1985 Wisconsin Act 28, which took effect on July 19, 1985. In part, this act created section 125.07
(4)(bm) which provided a series of six particular kinds of circumstances and employment in the course of which underage persons may legally possess alcohol beverages during working hours and as part of their employment. One of those provisions specifically provides for the employment of underage persons by retail licensees or permittees under the terms and conditions specifically stated in sections 125.32 (2) and 125.68 (2). The act then repealed section 125.07 (4)(e) and (f) to finally remove any internal inconsistency regarding the employment of underage persons on licensed premises.
Further, that act repealed section 125.10 (4) which prohibited municipalities from enacting ordinances which forbade persons eighteen years of age or over from being employed on premises licensed for the sale of beer. One of the drafters' notes in regard to 1985 Wisconsin Act 28 states that since that act now provides that underage persons may possess alcohol beverages for sale and delivery by virtue of the provisions of this act, section 125.10 (4) is surplusage and should be repealed.
It is, therefore, readily apparent that the Legislature clearly intended that underage persons may possess alcohol beverages in the *Page 89 
course of their employment under those terms and conditions as is shown by the evolution of the present statutes.
The ordinance about which you inquire would conflict with state statutes in two ways. First, because a person must have attained the legal drinking age in order to have an operator's license, section 125.04 (5), the ordinance would require that all employes of a licensed premise be over the legal drinking age. Section125.07 (4)(bm)5. specifically permits underage employes in those establishments. Such an ordinance would also require operators' licenses other than those required in sections 125.32 (2) and125.68 (2), in violation of section 125.17 (1).
In the past, this office has reached a similar conclusion in regard to a question of whether municipalities could validly enact ordinances which raised the minimum age requirements for holding operators' licenses to a level above that prescribed by statute and concluded such ordinances were invalid as being in conflict with the particular state statutes. See 61 Op. Att'y Gen. 381 (1972). That opinion also concluded that neither the general police power granted by chapter 62 nor the home rule provisions of Wis. Const. art. XI, § 3 expanded the powers of municipalities to enact ordinances in this area beyond that authority granted by section 66.054 and chapter 176, the predecessors to chapter 125.
DJH:JCM *Page 90