OWENS-ILLINOIS, INC., an Ohio Corporation,
Plaintiff-Respondent and Cross-Appellant,

v.

TOWN OF BRADLEY, Defendant and Third-
Party Plaintiff,

COUNTY OF LINCOLN, Defendant,

WISCONSIN DEPARTMENT OF REVENUE,
Defendant-Appellant and Cross-Respondent,

SCHOOL DISTRICT OF TOMAHAWK and
Nicolet College and VTAE Technical Institute,
Third-Party Defendants.†

Court of Appeals

*No. 85–0624. Submitted on briefs April 3, 1986.—Decided
June 17, 1986.*

(Also reported in 392 N.W.2d 104.)

† Petition to review denied.

311

For the defendant-appellant and cross-respondent, Wisconsin Department of Revenue, there were briefs by *Bronson C. La Follette,* attorney general, and *John C. Murphy,* assistant attorney general.

For the plaintiff-respondent and cross-appellant, Owens-Illinois, Inc., there were briefs by *Thomas G. Ragatz, Michael B. Van Sicklen,* and *Nancy A. Kopp,* of *Foley & Lardner.*

Before Cane, P.J., Dean, and LaRocque, JJ.

CANE, P.J. This appeal and cross-appeal follow the Wisconsin Department of Revenue's denial of a property tax exemption, under sec. 70.11(21)(a), Stats., for a boiler and certain other equipment owned by Owens-Illinois, Inc. The department argues that Owens-Illinois' boiler is not tax-exempt because its primary purpose is steam production rather than waste disposal. Owens-Illinois' cross-appeal disputes the interest rate granted by the trial court on the judgment. Because the trial court correctly concluded that Owens-Illinois is entitled to a tax-exemption for the

boiler and power house, we affirm that part of the judgment. We reverse the order for interest on the judgment because the trial court applied the incorrect statutory interest rate.

Owens-Illinois instituted this action against the department seeking review of the department's decision to deny a property tax exemption under sec. 70.11(21)(a)[1] for 1981 and 1982. The property in dispute is an industrial power boiler, along with its boiler house and equipment, and a power house optimization system. The boiler burns wood waste and coal and functions to produce steam and heat used for industrial production at the plant. The power house optimization system is a computerized system that monitors the steam production of several of the plant's boilers and functions to maximize efficient steam production and minimize the purchase of electricity from outside sources.

Because this dispute involves the application of sec. 71.11(21)(a) to an undisputed set of facts, we review it as a question of law. *G. Heileman Brewing Co. v. City of La Crosse,* 105 Wis. 2d 152, 162, 312 N.W.2d 875, 880 (Ct. App. 1981). Tax exemptions are granted by legisla-

---

[1] Section 70.11(21)(a) provides in pertinent part:

(21) Treatment Plant And Pollution Abatement Equipment. (a) All property purchased or constructed as a waste treatment facility used for the treatment of industrial wastes as defined in s. 144.01(5) or air contaminants as defined in s. 144.30(1) but not for other wastes as defined in s. 144.01(8) and approved by the department of revenue for the purpose of abating or eliminating pollution of surface waters, the air or waters of the state. For the purposes of this subsection "industrial waste" also includes wood chips, sawdust and other wood residue from the paper and wood products manufacturing process that can be used as fuel and would otherwise be considered superfluous, discarded or fugitive material.

tive grace, and we will not construe a statute to find an exemption unless that construction is supported by clear evidence of legislative intent. *Wisconsin Electric Power Co. v. Department of Revenue,* 59 Wis. 2d 106, 110, 207 N.W.2d 841, 843 (1973). In all problems of statutory construction, legislative intent is to be derived by giving the statutory language its ordinary and accepted meaning. *First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 209, 260 N.W.2d 251, 253 (1977).

While exemption statutes are generally strictly construed, the construction must be "strict but reasonable." *Columbia Hospital Association v. City of Milwaukee,* 35 Wis. 2d 660, 668, 151 N.W.2d 750, 754 (1967). The party claiming an exemption must identify an express provision granting the exemption and clearly prove that he falls within the terms of the exemption. *Ramrod, Inc. v. Department of Revenue,* 64 Wis. 2d 499, 504, 219 N.W.2d 604, 607 (1974).

Generally, the interpretation placed upon a statute by the administrative agency charged with the duty of applying that statute is given great weight. *City of Milwaukee v. Lindner,* 98 Wis. 2d 624, 633–34, 297 N.W.2d 828, 833 (1980). This general rule applies when the agency's interpretation of the statute is longstanding and consistent. *Wood County v. State Board of VTAE,* 60 Wis. 2d 606, 618, 211 N.W.2d 617, 623 (1973). However, an administrative interpretation of a statute should not be followed when it is inconsistent with the plain wording of the statute or with legislative intent. *American Motors Corp. v. DILHR,* 101 Wis. 2d 337, 356, 305 N.W.2d 62, 71 (1981); *see also Nelson v. Ohio Casualty Insurance Co.,* 29 Wis. 2d 315, 320, 139 N.W.2d 33, 35 (1966).

314

When statutory language is unambiguous, we interpret the statute according to the plain meaning of the language. *Tahtinen v. MSI Insurance Co.*, 122 Wis. 2d 158, 167, 361 N.W.2d 673, 678 (1985). Section 70.11(21)(a) is unambiguous. It requires two things: (1) that all exempt property be purchased or constructed as a waste treatment facility; and (2) that exempt property be approved by the department of revenue for the purpose of abating or eliminating pollution. The department argues that sec. 70.11(21)(a) should be read to require that the property be used for the "primary purpose" of eliminating pollution. The department further argues that since Owens-Illinois uses the disputed boiler and power house to produce steam and heat for use in industrial production, its primary use is not eliminating pollution. In support of its primary purpose argument, the department cites several cases from other jurisdictions.[2] Those exemption statutes, however, contain different language. We are not convinced by the department's argument, and we conclude that sec. 70.11(21)(a) does not require a "primary purpose" of eliminating pollution.

We hold that Owens-Illinois' boiler and power house are exempt from property taxes under sec. 70.11(21)(a). The statute contains no requirement that the primary purpose of a waste treatment facility be pollution abatement in order to qualify for exemption. Although the boiler and power house were constructed as part of an expansion at the plant and are utilized for steam and heat production, they are used for the treatment of industrial waste, which under sec.

[2] The department relies extensively on a circuit court opinion, which is not binding on this court.

70.11(21)(a) includes wood chips and sawdust.[3] The fact that the boiler and power house produce usable energy as well as dispose of wood waste does not negate its exempt status when the statute unambiguously provides that such property is exempt.

In its cross-appeal, Owens-Illinois contends that the trial court erred by failing to award normal post-judgment interest of twelve percent. The trial court entered a judgment awarding Owens-Illinois interest at the rate of five percent from the date the claim was filed until the judgment was paid. The trial court later granted a stay of execution of the judgment pending appeal and ordered that the interest rate from the date of its order until the appeal was concluded would be the yield rate on six-month U.S. Treasury bills using the bond equivalency rate as quoted in The Wall Street Journal.

■Owens-Illinois contends that the proper interest rate is five percent from the date of filing the claim until the date of judgment, pursuant to sec. 74.73(1r), Stats.[4] After the entry of judgment, Owens-Illinois ar-

---

[3] A corporation's declared objects are not controlling in determining whether property is exempt, but rather the actual use made of the property and the activities actually carried on. *Frank Lloyd Wright Foundation v. Town of Wyoming,* 267 Wis. 599, 605, 66 N.W.2d 642, 646 (1954).

[4] Section 74.73(1r) provides in part:

(1r) Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city or village which collected such tax in the manner prescribed by law for filing claims in other cases.

. . .

If any town, city or village fails or refuses to allow the claim,

gues that the rate of interest should be twelve percent, pursuant to sec. 815.05(8), Stats.[5]

The department argues that sec. 74.73(1r) controls and that the proper rate of interest is five percent from the date the claim is filed to the date the refund is paid.[6] It is a well-settled rule of statutory construction that when two statutes deal with the same subject matter, the more specific statute controls. *Schlosser v. Allis-Chalmers Corp.*, 65 Wis. 2d 153, 161, 222 N.W.2d 156, 160 (1974). Although sec. 815.05(8) arguably applies in all cases involving post-judgment interest, sec. 74.73(1r) deals specifically with the refund of unlawful taxes. We conclude that sec. 74.73(1r) controls the rate of interest in this case, and we remand to the trial court for entry of an order awarding Owens-Illinois interest on its judgment at the rate of five percent from the date it filed its claim until the date the judgment is paid.

*By the Court.*—Judgment and order affirmed in part, reversed in part, and cause remanded with directions. No costs on appeal.

the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected, together with interest at the legal rate computed from the date of filing the claim.

[5] Section 815.05(8) provides:

Except as provided in s. 807.01(4), every execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry thereof until paid.

[6] Section 74.73(1r) provides for interest at the legal rate, which under sec. 138.04, Stats., is 5%.