BURLINGTON NORTHERN RAILROAD CO., and Burlington Northern Dock Corporation, Plaintiffs-Appellants,

v.

CITY OF SUPERIOR, WISCONSIN, Defendant-Respondent.†

Court of Appeals

*No. 88-1794. Submitted on briefs October 12, 1989.—Decided November 7, 1989.*

(Also reported in 450 N.W.2d 486.)

†Petition to review granted.

For plaintiffs-appellants there were briefs submitted by *Robert A. Schnur* and *Ellen M. Pokrass* of *Michael, Best & Friedrich,* of Milwaukee.

For defendant-respondent there was a brief submitted by *James F. Lorimer* and *Bonnie A. Wendorff* of *Boardman, Suhr, Curry & Field,* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. Burlington Northern Railroad Company and Burlington Northern Dock Corporation (collectively Burlington Northern) appeal an order awarding them post-judgment interest at a rate of five percent, rather than at the requested twelve percent. The City of Superior owes interest on taxes it collected from Burlington Northern and that were later found to be unconstitutional in *Burlington Northern, Inc. v. City of Superior,* 131 Wis. 2d 564, 388 N.W.2d 916 (1986) *(Burlington Northern I).* The trial court awarded post-judgment interest pursuant to sec. 74.73(1r), Stats. (1985–86).[1] However, since that decision, this court has held that sec. 74.73 does not apply to the refund of taxes that have been declared unconstitutional. *Burlington Northern, Inc. v. City of Superior,* 149 Wis. 2d 190, 205, 441 N.W.2d 234, 241 (Ct. App. 1989) *(Burlington Northern II).* We reverse the trial court and remand for an

---

[1]Section 74.73 was substantially changed by the legislature's repeal and reenactment of ch. 74, effective January 1, 1989. The new provisions are not applicable to the case at hand and, unless otherwise noted, all references to statutes are to the 1985–86 version.

207

order directing post-judgment interest payments at the twelve percent rate established by sec. 815.05(8), Stats.

The lengthy procedural history of this case is adequately set out in the two published opinions previously cited. The case involves taxes paid from 1977 through 1985, and the city's liability for the tax refunds and the prejudgment interest is not contested. We are asked to address only the rather narrow question of what is the correct rate of interest after judgment when a tax is declared unconstitutional. Questions concerning the application of a statute to a set of facts, and questions as to which of two statutes apply, are questions of law for which this court owes no deference to the trial court's decision. *In re J.S.*, 137 Wis. 2d 217, 220, 404 N.W.2d 79, 81 (Ct. App. 1987).

The trial court held that the five-percent rate referred to in sec. 74.73(1r) applied,[2] relying largely on

---

[2]Section 74.73 states in part:

**Recovery of unlawful taxes and overassessments. (1g)** In this section, "unlawful tax" means a tax in respect to which one or more errors under s. 74.135(1) to (6) were made.

. . ..

**(1r)** Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the . . . city . . . which collected such tax in the manner prescribed by law for filing claims in other cases. If it appears that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of unlawful taxes have been complied with, the . . . common council may allow and the . . . city . . . treasurer shall pay such person the amount of the claim found to be unlawful and excessive. *If any . . . city . . . fails or refuses to allow the claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected, together with interest at the legal rate computed from the date of filing the claim.* Every such claim shall be filed, and every action to recover any money so paid shall be brought, within one year after such payment. [Emphasis added.] .

*Owens-Illinois, Inc. v. Town of Bradley,* 132 Wis. 2d 310, 392 N.W.2d 104 (Ct. App. 1986). *Owens-Illinois,* however, involved the collection of taxes on property that was later found to be exempt from taxation. *Id.* at 313–14, 392 N.W.2d at 106. That situation is considered an "unlawful" tax within the meaning of sec. 74.135,[3] and sec. 74.73(1r) explicitly governs.

On the other hand, this case deals with an unconstitutional tax, which is not an unlawful tax within the meaning of sec. 74.73. *See Burlington Northern II,* 149 Wis. 2d at 205, 441 N.W.2d at 241. Because this situation does not fall within the stated parameters of sec. 74.73, we must look outside the statute to find the applicable rate of post-judgment interest.[4]

The "legal rate" is the five percent rate mandated by sec. 138.04, Stats.

[3]Section 74.135 states:

> After the tax roll shall have been thus delivered to the treasurer it shall not be lawful for the governing body of any town, city or village to remit, annul or cancel any tax specified therein, or a portion thereof, except in the following cases:
> (1) When a clerical error has been made in the description of the property or in the extension of the tax.
> (2) When improvements on lots were considered in making the assessment roll, where the improvements did not exist at the time fixed by law for making the assessment.
> (3) When the property is exempt by law from taxation.
> (4) When a person has been assessed the same year for the same property in more than one ward or place.
> (5) When a double assessment has been made.
> (6) When a palpable error had been made in the assessment, in which case the error may be corrected.

[4]The city argues that because Burlington Northern originally brought action under sec. 74.73, it cannot at this time seek to recover funds under another portion of the statutes. As this court implicitly held in *Burlington Northern II,* the fact that Burlington Northern originally proceeded under sec. 74.73 does not

Section 815.05(8) states in relevant part: "[E]very execution upon a judgment for the recovery of money shall direct the collection of interest at the rate of 12% per year on the amount recovered from the date of the entry thereof until paid." The language of the statute is unambiguous. It applies to "every . . . judgment." In contrast, we held in *Owens-Illinois* that the more specific statute controlled for the refund of certain defined "unlawful" taxes that were, by the language of the statute, to be refunded with interest at five percent until paid back by the government. *Id.* at 317, 392 N.W.2d at 107. That type of specific statute, however, does not exist in the case of refunds of unconstitutional taxes, as opposed to unlawful taxes.

The city disagrees and argues that sec. 66.09 is controlling since it specifically applies to governmental bodies.[5] Although sec. 66.09 does not prescribe a rate of post-judgment interest, the city asks us to import the legal rate of five percent set out in sec. 138.04.[6]

relieve the city of its obligation to refund the unconstitutional taxes in accordance with the law.

[5]Section 66.09(1) states in relevant part:

When a final judgment for the payment of money shall be recovered against a . . . city, . . . in any action by or against him or her in his or her name of office, when the judgment should be paid by such municipality, the judgment creditor, or his or her assignee or attorney, may file with the clerk a certified transcript of the judgment or of the docket of the judgment, together with his or her affidavit of payments made, if any, and the amount due and that the judgment has not been appealed from or removed to another court, or if so appealed or removed has been affirmed. The amount due, *with costs and interest to the time when the money will be available for payment,* shall be added to the next tax levy, and shall, when received, be paid to satisfy the judgment. (Emphasis added.)

[6]Section 138.04 states in relevant part:

*Legal rate.* The rate of interest upon the loan or forbearance of

The two cases cited by the city, *Boldt v. State,* 101 Wis. 2d 566, 305 N.W.2d 133, *cert. denied,* 454 U.S. 973 (1981), and *City of Milwaukee v. Firemen Relief Ass'n,* 42 Wis. 2d 23, 165 N.W.2d 384 (1969), are simply not applicable to the case at hand. Both cases involved instances where the governmental units attempted to avoid the payment of interest altogether. The cases hold that the government must pay interest on the judgment like any other party, and that the rate was the legal rate unless the government was specifically exempted or another interest rate applied. *Boldt,* 101 Wis. 2d at 582–83, 305 N.W.2d at 143; *Firemen,* 42 Wis. 2d at 39–40, 165 N.W.2d at 393. Neither case considered or decided whether sec. 815.05(8) applies to governmental bodies as judgment debtors.

Conflicts between statutes are not favored and will not be held to exist if the statutes may otherwise be reasonably construed. *Law Enforce. Stds. Bd. v. Village of Lyndon Station,* 101 Wis. 2d 472, 490, 305 N.W.2d 89, 98 (1981). Section 66.09 mentions nothing about the rate of interest to be paid, and therefore the twelve per-cent rate of post-judgment interest set forth in 815.05(8) applies.

*By the Court.*—Order reversed and cause remanded.

any money, goods or things in action shall be $5 upon the $100 for one year and according to that rate for a greater or less sum or for a longer or a shorter time . . ..